WEBB and others *v.* VERMONT CENTRAL R. Co. and others.

*(Circuit Court, D. Vermont.*    October Term, 1881.)

1. TRUSTS — ACTION BY CESTUI QUE TRUST IN HIS OWN NAME — WHEN IT CAN
   BE MAINTAINED — DEMURRER.

   A bill in equity is not demurrable because brought by a *cestui que trust* in his
   own name and on his own behalf, where it appears in the bill that the trustees
   have acquired adverse interests and been made defendants.

In Equity.

*William G. Shaw* and *Francis A. Brooks,* for orators.

*Benjamin F. Fifield* and *Daniel Roberts,* for defendants.

WHEELER, D. J.    The defendants, the Vermont Central Railroad
Company, the Central Vermont Railroad Company, John Gregory
Smith, Worthington C. Smith, and James R. Langdon, demur to the
bill, and the cause has been heard upon the demurrer.    The orators
are second-mortgage bondholders of the Vermont Central Railroad.
The defendant John Gregory Smith is a trustee in the first mortgage;
Worthington C. Smith is a trustee in the second mortgage; and both
of them and the defendant Langdon are officers in the Central Ver-
mont Railroad Company, which is in possession received from the
trustees of the first mortgage.

One cause of demurrer assigned is that the bill does not show suf-
ficient reason for the bondholders to proceed in their own names and
behalf.    But the bill does show that the trustees have acquired adverse
interests and stand in a hostile position, so that they cannot maintain
the orators' rights without attacking their own.    They could not be
orators against themselves, and this is a sufficient reason for making
them defendants where the orators' interests were in suit, and with
them as defendants there would be no one to prosecute the orators'
claims but the orators themselves.    The bondholders are the real owners
of the mortgage interest, and the trustees have but a dry legal title, and
when they hold that title in opposition to the bondholders the latter
have good ground for proceeeding in their own behalf to protect such
rights as they have, and the proper position of the trustees in the
proceedings is with defendants.    This cause of demurrer cannot
prevail.

Another ground is a want of equity in the case made by the bill
generally.    While being considered on this question the bill cannot
be aided by what is stated elsewhere or by what is known in some
other way, but must stand alone for examination, with all its allega-
tions taken for this purpose to be true.    It states the prior mortgage

as a valid encumbrance prior to the second mortgage, and that the trustees of the first mortgage were rightfully in possession by virtue of that mortgage; and that they procured their possession to pass to the Central Vermont Railroad Company. The orators' rights are subordinate to the first mortgage, and to those of the first-mortgage trustees, and all holding under them. As against such they have no right but to redeem, and this bill is not adapted to that purpose. It has not the proper allegations, offers of payment, nor parties. The bill states proceedings of court by which the Central Vermont was placed in possession, but alleges that they were all void as to the orators, and alleges that they were had at the instance of the trustees in the first mortgage, and that the Central Vermont claims to hold possession by the force of the proceedings.

This does not show the Central Vermont to be in possession as a mere wrong-doer, subject to the rights of any owner, with none of its own. It would not lose the rights it had by claiming to hold under those it had not. If the proceedings were void they conferred no right, but those who made use of them to transfer possession would, by the act, pass such possession as they had to pass, and the possession taken would be good as theirs because they gave it, although there was nothing else to uphold it. Thus the possession of the Central Vermont appears to be the same as that of the first-mortgage trustees, and such that the second-mortgage bondholder cannot, upon the allegations of this bill, disturb it without redeeming the first mortgage. They cannot foreclose their mortgage against either, because they both stand upon a mortgage which is prior to theirs. The bill states a transaction by which an agreement and a decree upon it were made providing for payment of rent, then of the first mortgage, and then of the second mortgage, by those in possession, and that the Central Vermont is under that duty, but does not state that anything has been received to apply upon the second mortgage, and does not pray for an account, so there is no ground for relief in that direction.

It states that the first mortgage has been enlarged against the rights of the second-mortgage bondholders, and that the trustees and the Central Vermont hold securities which they claim to be a prior lien to the second mortgage, and which are not; but as the orators do not seek to redeem such prior encumbrances as they have which are valid, there is no relief to be afforded by determining the validity of any, and no ground for making such a determination.

The bill shows a right to foreclose the mortgage against the mort-

gagor, and to have the trustee a defendant for that purpose, and shows no other ground for relief.

The demurrer of the Central Vermont Railroad Company and John Gregory Smith and James R. Langdon is sustained, and that of the Vermont Central Railroad Company and Worthington C. Smith is overruled.