[No. 2180.  Decided May 22, 1896.]

H. G. CLAY *et al., Respondents, v.* THE SELAH VALLEY IRRIGATION COMPANY, *Appellant.*

RECORD ON APPEAL — INCLUSION OF AFFIDAVITS — TRUST DEED — INSOLVENCY AND FRAUD OF TRUSTEE — ACTION BY BONDHOLDERS — RECEIVER.

In order to entitle affidavits purporting to have been used on the hearing of a motion for the appointment of a receiver, to be considered on appeal, the fact that they were so presented must be certified by the court in some manner.

The written notice contemplated by a provision of a trust deed, that upon default in payment of interest the bonds secured shall, at the election of the trustee, become immediately due upon the giving of such written notice, may be dispensed with and the election made by the bondholders, where the corporation deceived them as to the amount due on a mortgage to the trustee and conspired with the trustee to dispose of the property contrary to the provisions of the deed.

The appointment of a receiver on the application of bondholders, upon the foreclosure of a trust deed, is warranted when it is shown that the trustee is insolvent, occupies an adverse position to the bondholders, and has been guilty of fraud.

A part of the bondholders may maintain an action to foreclose a trust deed securing the bonds, where there are numerous bondholders residing at a distance who are unknown to plaintiffs, under Code Proc., § 144, which provides that when the question is one of common or general interest to many persons, or the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue for the benefit of the whole.

Appeal from Superior Court, Yakima County.— Hon. CARROLL B. GRAVES, Judge. Affirmed.

*H. J. Snively,* and *Fred Miller,* for appellant.
*Reavis & Englehart,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This is an appeal from an order appointing a receiver. The appellant, The Selah Valley Irrigation Company, on November 29, 1892, issued three hundred bonds of $500, each with interest coupons attached, and payable to bearer on the first day of October, 1902, bearing interest at the rate of eight per cent. per annum, payable on April 1st and October 1st of each year, until maturity. At the time they were issued appellant executed a deed of trust to the Mason Mortgage Loan Company, trustee, conveying certain parcels of real property, consisting of about 5,200 acres in Yakima county, together with an irrigating canal of about twenty-two miles in length, used for

the purpose of irrigating said lands, and other lands situate on the line of the canal, and covering all of the revenues, rents and tolls for water arising from the canal, and all corporate and other franchises, rights and privileges then owned or to be owned by said appellant within this state. The said deed of trust was executed for the security and benefit of all the holders of the bonds and interest coupons issued as aforesaid; and the Mason Mortgage Loan, Company also guaranteed the payment of said bonds, and they were negotiated to divers persons. The respondents were the owners of fifty-one of the bonds, and brought this action to foreclose said deed of trust, and asked for the appointment of a receiver to take charge of the property. The court appointed a receiver and this appeal was taken therefrom.

Before proceeding upon the merits, the respondents move to strike certain affidavits contained in the record purporting to have been used on the hearing of the motion for the appointment of the receiver, on the grounds that no certificate of the judge of the superior court is attached thereto and that the same have not been incorporated in any statement of facts or bill of exceptions. Appellant contends that said affidavits are properly before this court under § 15, Laws 1893, p. 118, especially under the clause providing that all matters shall be deemed a part of the record which were theretofore a part, and that it is not necessary to embody the same in a statement of facts. We do not think these affidavits would have been considered a part of the record under the prior practice. There is nothing to show that they were all presented or read to the court below on the hearing of the motion, and in order to entitle them to consideration here the fact that they were so presented should have been certified

35—14 WASH.

to by the court in some manner, and the motion to strike them is granted.

No statement of facts was settled and the matters alleged as error by appellant must be determined by the sufficiency of the allegations of the complaint, it appearing in the order of the court appointing a receiver that proof was submitted in support of the allegations upon which the appointment of the receiver was asked.   It is contended that the complaint does not state a cause of action, because there is no allegation showing that any request was made upon the trustee to have the principal sum declared due, which appellant contends the sixth article of the trust deed requires.   It is contended that this trust deed is peculiar in this respect, that it invests the right only in the trustee to declare the bonds due upon default in the payment of the interest, and that under said article appellant was entitled to a written notice from the trustee of his election to declare the principal sum due in case of default in the payment of the interest, and that it does not appear by the complaint that any such notice was given by either the trustee or the bondholders, and it is contended that this provision for a written request, excepts the case from the ordinary rule that no demand is necessary before commencing suit, and furthermore that the eighth article of the trust deed provides a method of foreclosure in the name of the trustee, which excludes all other methods.

The sixth article provides that in case default is made in the payment of the interest upon said bonds or any of them, and such default shall continue for a period of thirty days after the payment of such interest has been demanded by presentation of the coupons to the trustee, the principal of all the bonds shall, at the election of the trustee, to be signified to the irri-

gation company by the trustee in writing, become immediately due and payable; and the seventh article provides that in case of such default the trustee may take possession of the property and operate the canal and apply the proceeds on the interest and principal. We find nothing in the eighth article providing for any particular method of foreclosure. It reiterates the provisions of the sixth article, that suit shall be brought by the trustee, and provides that the proceeds realized therefrom shall be paid ratably upon all the bonds without discrimination or preference, with the further provision that so long as the property shall be managed by a trustee or receiver and remain unsold, the income therefrom shall be applied to the payment of interest upon the bonds, in preference to the principal.

The respondents, while conceding the rule that such suits should generally be brought in the name of the trustee, contend that the circumstances of this case except it from that rule and confer the right upon the bondholders. It is alleged that, prior to the commencement of this action, in a suit commenced by appellant against the trustee, the trustee was adjudged insolvent, and a receiver was appointed to take possession of its property; that said receiver is still holding the same, and that by reason of the insolvency of the trustee it had become incapable and unfit to act for the bondholders under the deed of trust; and furthermore, that prior to the execution of the trust deed the appellant had made a mortgage in favor of the trustee to secure the sum of $60,000, covering all the property described in the trust deed; and that at the time of the execution of the deed it was represented to the bondholders by the trustee that the greater part of said mortgage had been paid, that there remained only the

sum of about $8,000, which was amply secured by collaterals outside of the mortgage; but that, as a matter of fact, said amount was not so secured, which was well known to the trustee, and that prior to the commencement of this action a suit had been instituted to foreclose said mortgage, claiming a much greater sum due by other parties to whom said indebtedness or a portion of it had been transferred by the trustee aforesaid; that said trustee was duly served in said suit but made default therein; that also there were judgments against appellant which were a prior lien upon the property covered by the trust deed, and that all of these matters had been concealed by appellant and the trustee from the bondholders; and it is further alleged that the appellant and the trustee were conspiring to so manage and dispose of the property covered by the trust deed as to render the same of little or no value to the bondholders, and to defraud them, and that unless a receiver was appointed, said security would become lost to the bondholders; that the same was being depreciated daily by the mismanagement of said appellant and trustee, and that they were neglecting the property and collecting and diverting the proceeds, and that they were both insolvent; also, that the trustee, by virtue of the foregoing and of its having guaranteed the payment of said bonds, occupied an adverse position to the bondholders.   It is also alleged that demand was duly made upon the trustee by the respondents, to proceed to collect the interest coupons, and that said trustee refused to do so, and it sufficiently appears that appellant had knowledge thereof.   Owing to the great length of the provisions of the trust deed and the allegations of the complaint otherwise, we give only the substance of the material parts.

We are of the opinion that, under the allegations

charging appellant with deceiving the bondholders as to the value of the security and as to the amount of its obligations outstanding, and of conspiring with the trustee to dispose of and divert the property contrary to the provisions of the trust deed, it was not entitled to the written notice of the election to declare the whole sum due, and it appears that appellant had more than the thirty days provided for within which to pay the interest due. Furthermore, as the allegations of the complaint upon which the appointment of a receiver was asked were sufficient, and proof was made in support of them, the court rightfully appointed one. Each one of the three grounds alleged was sufficient to sustain the claim that the trustee was not a proper party to represent the bondholders, viz: Its insolvency; its occupying an adverse position, and its alleged fraudulent doings, which must be taken as established for the purposes of this hearing. It was, therefore, competent for the respondents, upon the default in the payment of the interest, to declare the principal due.

It is contended by appellant that even if suit could be maintained by the bondholders, no less than all of them could sue. Sec. 144, Code Proc., provides that:

"When the question is one of common or general interest to many persons, or where the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of the whole."

The respondents by their allegations have brought themselves within both provisions of this section. The question presented is one of common or general interest to many persons, and it appears that there were numerous holders of said bonds residing at a distance who were unknown to the respondents, and it

was therefore impracticable to bring them all before the court. We are of the opinion that the complaint stated a cause of action under the authorities, some of which we cite, viz: *Webb v. Vermont Central R. R. Co.*, 20 Blatchf. 218 (9 Fed. 793); *Seibert v. Minneapolis, Etc., Ry. Co.*, 52 Minn. 246 (53 N. W. 1134); Pomeroy, Code Remedies (3d ed.), § 388, *et seq.*; Thompson, Corporations, §§ 6121, 6122, 6210.

It is also well settled that the matters pleaded in the complaint, if true, would have been sufficient cause for the removal of the trustee and the appointment of another. The appointment of the receiver was practically doing this under a different name.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.