[No. 2335.  Decided October 29, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. LEE HOW-
ARD *et al.*, *Appellants*.

APPEAL — BILL OF EXCEPTIONS — SETTLEMENT OF — AFFIDAVITS — HOW
INCORPORATED IN RECORD.

A bill of exceptions will be stricken from the transcript on appeal,
upon motion therefor, when no notice of its statement or settlement
had been given to the adverse party as required by Laws 1893, p.
114, § 9.

Where a motion and affidavit for continuance, improper state-
ments of the prosecuting attorney to the jury, and papers used upon
a motion for a new trial have not been made a part of the record in
the cause by proper bill of exceptions or statement of facts, they
will be stricken from the transcript, as the act of filing them with
the clerk of the superior court does not raise the presumption that
the attention of the lower court had thereby been directed to them.

Appeal from Superior Court, Douglas County.—
Hon. WALLACE MOUNT, Judge.   Affirmed.

*W. J. Canton*, for appellants.

*M. B. Malloy*, Prosecuting Attorney, for The State.

*Per Curiam.*—The appellants have appealed from
the judgment and sentence of the superior court of
Douglas county entered upon a verdict of the jury
finding them guilty of the crime of horse-stealing.
Counsel for the state have moved the court to strike
from the transcript what purports to be a bill of ex-
ceptions, for the reason that no notice of the statement
of the same was ever given or served as required by
law.   The motion must be granted.

Section 9, of the act of March 8, 1893, (Session
Laws, p. 114), requires a party desiring to have a bill
of exceptions or statement of facts certified to prepare
the same as proposed by him, file it in the cause and

serve a copy thereof upon the adverse party, and to give such opposite party not less than three nor more than ten days' notice of the time when and where he will apply to the trial judge to have such bill of exceptions or statement of facts settled and certified. No notice of any kind or character appears to have been given in this case. It follows that the purported bill or statement must be stricken.

A further motion is made to strike from the transscript what purports to be copies of the motion and affidavit for continuance, also certain purported statements of the prosecuting attorney to the jury, and certain papers purporting to have been used upon a motion for a new trial, for the reason that they have not been preserved or made part of the record in the cause by any bill of exceptions or statement of facts, and this motion must also be granted.

Such papers, unless authenticated by the certificate of the trial judge and brought into the record upon proper bill of exceptions or statement of facts settled upon notice, cannot be considered, because in no other way can it be determined that they formed any part of the proceedings below, or that the attention of the trial court was ever directed to them. *Clay v. Selah Valley Irrigation Co.*, 14 Wash. 543 (45 Pac. 141.) It is not enough that such papers had been filed by counsel with the clerk of the superior court. It does not follow from such findings that the court's attention had been directed to them. The act of filing is *ex parte* and all such papers (other than the technical record or judgment roll) upon which reliance is had in this court, or to which the attention of this court is to be directed upon appeal, should be brought into the record by an appropriate bill of exceptions or statement of facts.

We have examined the information and think that it sufficiently charges the crime.   It follows that the judgment and sentence must be affirmed.