[No. 2485.  Decided February 15, 1897.]

F. L. JACOBSON, *Respondent*, v. ANDREW LUNN *et ux.*, *Appellants*.

APPEAL — RECORD — AFFIDAVITS.

An order of the trial court based upon affidavits filed in the cause will not be reviewed on appeal, unless the affidavits are incorporated in a statement of facts, which has been settled by the judge of the trial court.

Appeal from Superior Court, King County.—Hon. J. W. LANGLEY, Judge.   Affirmed.

*James M. Epler*, and *James E. Morrison*, for appellants.

*Samuel S. Carlisle*, for respondent.

The opinion of the court was delivered by

GORDON, J.—On the 17th day of April, 1895, a decree of foreclosure of a real estate mortgage was entered in this action, directing the sale of the mortgaged premises to satisfy the judgment recovered therein in favor of the respondent and against the appellants.   Pursuant to said decree the mortgaged premises were, on the 24th of May, 1895, duly sold at public sale by the sheriff of the county, and were purchased by the respondent; and on the 15th day of June, 1895, after due notice, said sale was confirmed by the court.   No appeal was taken from the decree or order confirming the sale.   On the 2d day of June,

1896, the cause came on for hearing upon respondent's application for a writ of assistance, due notice of which was given to the appellants, and upon such hearing the following order was made and entered :

"Now comes on for hearing the motion of F. L. Jacobson, the plaintiff, and the purchaser of the mortgaged premises sold in this action, and the court, upon said motion and the affidavits annexed thereto, on file and upon all the facts and records of this cause, finds that said F. L. Jacobson has duly presented to the defendants Andrew Lunn and Alfrida P. Lunn, the sheriff's certificate of purchase of said property, and of them demanded possession thereof, and that said defendants have refused to deliver to him possession of said premises and that said Andrew Lunn and Alfrida P. Lunn, have been duly served with said motion and affidavits, and due and timely notice of the hearing thereof;

"Now, therefore, on motion of Saml. S. Carlisle, attorney for said plaintiff, purchaser, mover herein, it is ordered that a writ of assistance issue to the sheriff of King county to put the said F. L. Jacobson in possession of said premises, with his costs incurred in this proceeding.

"Dated this 2d day of June, 1896.

"J. W. LANGLEY, Judge."

The appeal is from the order above set out. The record contains no statement of facts or bill of exceptions. The transcript, which is certified by the clerk of the court, includes various affidavits and other papers which, under an unvarying line of decisions of this court, cannot be considered a part of the record. *Windt v. Banniza*, 2 Wash. 147 (26 Pac. 189); *Whidby Land, etc., Co. v. Nye*, 5 Wash. 301 (31 Pac. 752); *Clay v. Selah Valley Irrigation Co.*, 14 Wash. 543 (45 Pac. 141); *State v. Howard*, 15 Wash. 425 (46 Pac. 650).

If appellants desired to have this court review the order appealed from, which upon its face shows that

it was made upon affidavits, and "upon all the facts and records of this cause," they should have had a statement of facts settled by the judge. Aside from this, it appears from the record, that the respondent was entitled to be let into possession of the premises in accordance with the decree — the validity and regularity of which is unquestioned — and the order appealed from is affirmed.

SCOTT, C. J., and DUNBAR and REAVIS, JJ., concur.