[No. 4896.   Decided October 18, 1902.]

F. CHEVALIER & Co., *Respondent,* v. J. H. WILSON,

*Appellant.*

APPEAL — AFFIDAVITS — REVIEW.

On appeal from an order overruling a motion to vacate a judgment, affidavits in support thereof will not be considered, when not incorporated in the record by bill of exceptions or statement of facts.

SAME — INCLUSION IN RECORD BY DIRECT REFERENCE IN ORDER OF COURT.

The fact that the order of the court in overruling a motion to vacate a judgment recites that the court has examined the affidavits and briefs furnished by the respective parties and duly considered the same, is not a sufficient identification of affidavits submitted for consideration on appeal, nor does it appear from such recital that the affidavits brought up were all the affidavits presented to the lower court and upon which it based its decision. *(State v. Vance.* 29 Wash. 435 distinguished).

Appeal from Superior Court, Mason County.—Hon. MASON IRWIN, Judge.   Affirmed.

*W. I. Agnew* and *J. W. Robinson,* for appellant.

*H. S. Tremper,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This appeal is from an order of the superior court of Mason county overruling a motion to vacate a judgment, set aside a sale which had been made thereunder, and dismiss the action.   The respondent interposes a motion to strike from the records and transcript certain affidavits and certified copies of articles of incorporation appearing therein, and moves for an order affirming the order and judgment of the court appealed from, for the reason that the assignments of error sought to be reviewed by the appeal herein and discussed in appellant's brief are

based solely and wholly on evidence submitted to the lower court by affidavits and papers at the time of the hearing of the motion upon which such order was based, and that such alleged evidence is not properly before this court for consideration for the reason that said order was based wholly upon evidence, and that said evidence was never settled by the trial court by bill of exceptions or statement of facts, has never been authenticated in any manner by the lower court, and does not, in law, constitute any part of the transcript or record herein. This motion must be sustained. The record does not contain any certification or settlement of a statement of facts or bill of exceptions. The only certificate furnished by the judge is as follows:

"This cause coming on regularly for hearing upon defendant's motion for an order setting aside and annulling the execution levy and sale in this cause, setting aside and vacating the judgment, and dismissing the action, and the court having heard the argument of counsel, and having examined the affidavits and briefs furnished by the respective parties, and having duly considered the same, the court finds that said H. S. Tremper was duly authorized to appear for the plaintiff in said action, and it is considered and ordered that the said motion be, and the same is hereby, overruled. Mason Irwin, Judge."

It is not ascertainable from this certificate that the affidavits and evidence appearing in the transcript are the affidavits and evidence upon which the judge acted, and, conceding that they were, it does not appear that they were all the affidavits and evidence upon which the conclusion reached by the judge was based. We held in *Windt v. Banniza*, 2 Wash. 147 (26 Pac. 189), that affidavits used upon the hearing of the motion to discharge an attachment are not part of the record, and, in order to be available on appeal, must be brought up by a statement or bill of exceptions. In *Spokane Falls v. Curry*, 2 Wash. 541 (27 Pac.

477), which was, as is this case, a motion to set aside a judgment, it was held that the affidavits, not having been made a part of the record by statement or bill of exceptions, could not be considered. In *Clay v. Selah Valley Irrigation Co.*, 14 Wash. 543 (45 Pac. 141), in speaking of this same question, it was said:

"There is nothing to show that they [the affidavits] were all presented or read to the court below on the hearing of the motion, and in order to entitle them to consideration here the fact that they were so presented should have been certified to by the court in some manner, and the motion to strike them is granted."

In *State v. Howard*, 15 Wash. 425 (46 Pac. 650), in discussing a motion to strike from the transcript what purported to be copies of motions and affidavits for continuance, it was said:

"Such papers, unless authenticated by the certificate of the trial judge and brought into the record upon proper bill of exceptions or statement of facts settled upon notice, cannot be considered, because in no other way can it be determined that they formed any part of the proceedings below, or that the attention of the trial court was ever directed to them. . . . It is not enough that such papers had been filed by counsel with the clerk of the superior court. It does not follow from such findings that the court's attention has been directed to them. The act of filing is *ex parte* and all such papers (other than the technical record or judgment roll) upon which reliance is had in this court, or to which the attention of this court is to be directed upon appeal, should be brought into the record by an appropriate bill of exceptions or statement of facts."

In *Jacobson v. Lunn*, 16 Wash. 487 (48 Pac. 237), in discussing this proposition, it was said:

"If appellants desired to have this court review the order appealed from, which upon its face shows that it was made upon affidavits and 'upon all the facts and records of this

cause,' they should have had a statement of facts settled by the judge."

In *Norfor v. Busby,* 19 Wash. 450 (53 Pac. 715), it was held that affidavits introduced in the lower court would not be considered on appeal unless included in the statement of facts by the certificate of the trial judge. To the same effect, *State v. Anderson,* 20 Wash. 193 (55 Pac. 39) ; *Armstrong v. Van De Vanter,* 21 Wash. 682 (59 Pac. 510).

So it would seem that this question is pretty well settled in this state. It is conceded by counsel for the appellant that the testimony sought to be introduced was not settled by statement of facts or bill of exceptions, but it is claimed that such settlement was not necessary, under the rule announced by this court in *State v. Vance,* 29 Wash. 435 (70 Pac. 34), and that under such rule it is sufficient if the affidavits appear in the transcript. But what was said in *State v. Vance* on this subject is easily distinguished from the holdings in the cases above cited. In that case one McAnally had made written motion, with affidavit attached, for a continuance. The respondent, upon the appeal, moved to strike the affidavit for the reason that it had not been preserved and made a part of the record in the case by any bill of exceptions or statement of facts, and this court, in overruling that motion, said:

"It appears from the order of the court made upon the motion and the motion itself that the affidavit was considered by the court in passing upon the motion. From this it can be readily determined that the affidavit formed part of the proceedings in the court below, and that the attention of the trial court was directed to it. The affidavit was an integral and inseparable part of the motion, attached thereto, constituting a part thereof, and setting forth, in verified form, the grounds of the motion; and the order of the court expressly recites that the court 'had read the same

in support of the motion.' The order of the court is a part of the record. It furnishes conclusive evidence that the affidavit was presented to and considered by the trial court in passing on the motion for a continuance."

Of course, the object in excluding alleged testimony of this kind is, as stated in the opinions above cited, that it does not appear to this court that such alleged testimony was considered by the court, or, if it was, that it was not all the testimony that was considered; and this court would not be empowered to review a decision of the lower court based upon testimony when it did not have before it the testimony upon which the lower court acted. But it is shown in the *Vance Case,* just referred to, that the court did act upon such affidavit without any question, and the objection to the testimony being received here would not obtain. That there was no intention on the part of this court to change the rule laid down in the cases above cited is shown by the fact that it distinguished the case there under consideration from all the cases above cited, and pointed out that the reason which prompted the rule announced in those cases did not obtain in the case under consideration.

The evidence upon which the order of the court was made not having been certified to this court, the motion will be sustained, and the judgment affirmed.

REAVIS, C. J., and FULLERTON, MOUNT and ANDERS, JJ., concur.