[No. 7930.    Decided May 26, 1909.]

THE STATE OF WASHINGTON, *Respondent*, v. LEE WING WAH, *Appellant*.[1]

APPEAL—STATEMENT OF FACTS—AFFIDAVITS — CONTINUANCE.    An appeal will be dismissed where the only error assigned is in the refusal to grant a continuance, and the affidavits used are not brought up for review by a bill of exceptions or statement of facts.

Appeal from a judgment of the superior court for Whatcom county, Neterer, J., entered August 20, 1908, upon a trial and conviction of the crime of manslaughter. Appeal dismissed.

*Bugge & Swartz*, for appellant.

*Virgil Peringer* and *George Livesey*, for respondent.

DUNBAR, J.—The defendant, a Chinaman, was informed against May 2, 1908, for the crime of murder in the first degree. May 18 a plea of not guilty was interposed. On May 23, the defendant filed a special plea of mental irresponsibility. On the said day the case was assigned for trial on June 1, 1908. On May 28, the defendant, through counsel, moved to vacate the assignment for June 1, and for a continuance over the term, or to such later date in the term as would enable counsel to prepare for trial, basing the motion on the record in said cause and the affidavit of one of defendant's counsel. This motion was denied. The defendant excepted. Thereafter, on June 1, the case was tried before a jury, who returned a verdict for manslaughter. Sentence was imposed, and defendant appeals to this court from the judgment and proceedings.

The only assignment of error is that it was prejudicial error for the court to deny the continuance asked by the appellant, the result of which was to deny the appellant a fair trial. The usual assignment, that the court erred in denying

[1]Reported in 101 Pac. 873.

defendant's motion for a new trial, appears, but it is based upon the first assignment. The respondent moves to dismiss the appeal here, upon the ground that it appears that the sole error claimed and relied upon in this appeal is the failure of the court to grant appellant a continuance, and that it further appears that there is no bill of exceptions or statement of facts in the record. This motion must be sustained. In the early cases of *Windt v. Banniza*, 2 Wash. 147, 26 Pac. 189, and *Spokane Falls v. Curry*, 2 Wash. 541, 27 Pac. 477, it was held that affidavits not being made a part of the record by statement or bill of exceptions could not be considered. The same doctrine was announced in *Clay v. Selah Valley Irrigation Co.*, 14 Wash. 543, 45 Pac. 141, the court there saying:

"There is nothing to show that they [the affidavits] were all presented or read to the court below on the hearing of the motion, and in order to entitle them to consideration here the fact that they were so presented should have been certified to by the court in some manner, and the motion to strike them is granted."

In *State v. Howard*, 15 Wash. 425, 46 Pac. 650, the same doctrine was announced, the court, in the course of its opinion, saying:

"It is not enough that such papers have been filed by counsel with the clerk of the superior court . . . The act of filing is *ex parte* and all such papers (other than the technical record or judgment roll) upon which reliance *is had* in this court, or to which the attention of this court is to be directed upon appeal, should be brought into the record by an appropriate bill of exceptions or statement of facts."

The same doctrine was announced in *Jacobson v. Lunn*, 16 Wash. 487, 48 Pac. 237; *Norfor v. Busby*, 19 Wash. 450, 53 Pac. 717; *State v. Anderson*, 20 Wash. 193, 55 Pac. 39, and *Armstrong v. Van De Vanter*, 21 Wash. 682, 59 Pac. 510.

It is true that, in *State v. Vance*, 29 Wash. 435, 70 Pac. 34, an affidavit which was not incorporated in the statement of facts was admitted and considered by this court. But that

was because the court found that the affidavit was an integral part of the motion made for the continuance, and further found that it appeared from the statement of the court that the court had actually considered the affidavit with the other testimony sent up in the statement of facts. The order of the court in that case expressly recited that the court had read the affidavit in support of the motion. But in this case there is no statement of facts whatever and, while it is true that the motion states that it is based upon an affidavit, if we should concede that the court considered that affidavit, there is nothing to show that other affidavits and other proofs were not taken into consideration by the court in determining the motion; and we have uniformly held that a judgment of a trial court would not be disturbed where all the testimony upon which the court acted was not before this court for inspection. The case of *State v. Vance, supra,* was distinguished in *Chevalier & Co. v. Wilson,* 30 Wash. 227, 70 Pac. 487, where it was again held that, on an appeal from an order overruling a motion to vacate a judgment, affidavits in support thereof will not be considered when not incorporated in the record by bill of exceptions or statement of facts. The cases were again reviewed and it was there said, in speaking of the *Vance* case, that there was no intention on the part of this court in that case to change the rule laid down in the cases above cited. The doctrine is firmly established in this state that all the testimony upon which the court acted must be brought to this court before the alleged error of the court will be reviewed.

The motion to dismiss will have to be sustained.

ALL CONCUR.