[No. 11459.   Department Two.   March 26, 1914.]

BEALL & COMPANY, *Appellant*, v. J. J. O'CONNOR *et al.*, *Respondents.*[1]

APPEAL—RECORD—STATEMENT OF FACTS—AFFIDAVITS.   The denial of a motion to vacate a judgment cannot be reviewed on appeal, where the whole record was not brought up and affidavits used were not brought up by bill of exceptions or statement of facts.

Appeal from an order of the superior court for Chelan county, Grimshaw, J., entered June 19, 1913, denying a motion to modify a judgment. Affirmed.

*V. T. Tustin* and *Whitney & Hughes*, for appellant.

*Reeves, Crollard & Reeves*, for respondents.

FULLERTON, J.—On January 17, 1912, Beall & Company, as plaintiffs brought an action against J. J. O'Connor, Jane Doe O'Connor, and Thomas W. Parrish to recover upon a promissory note. In its complaint, the plaintiff alleged that the note was given as the purchase price of certain machinery; that, as executed by the defendants, the note called for a less sum than the amount then set forth as the principal of the note, but that an error had been made in calculating the purchase price of the machinery sold, and the change in the note was made with the consent of the makers thereof, so that it would correspond with the actual

[1]Reported in 139 Pac. 605.

contract made between the parties concerning the sale of
the property. It was further alleged that the plaintiff was
the owner and holder of the note, and that the same had not
been paid.

The defendants answered admitting that they had executed
a note to the plaintiff for the lesser sum named in the com-
plaint, but denied that the note had been changed or altered
with their consent, and denied that the note had not been
paid. A trial was had before a jury, resulting in a verdict
for the defendants. Thereafter, and on May 2, 1912, judg-
ment was entered on the verdict in favor of the defendants,
adjudging,

"That the above named plaintiff take nothing by its ac-
tion against the above named defendants or either of them;
that the plaintiff's said action be and the same is hereby dis-
missed as to the said defendants and each of them; and that
the defendants and each of them do have and recover of and
from said plaintiffs their costs and disbursements herein to
be taxed."

On June 10, 1913, more than one year after the entry of
the judgment, the plaintiff, appearing by other counsel,
served and filed a motion to modify the judgment as entered,
asking that it be made to show that the only question liti-
gated between the parties was whether or not the note in the
action in which the judgment was rendered had been changed
and altered with the consent of the defendants. The motion
recited that it was "based upon all the files, records, and
proceedings in said cause, the same to be considered a part
of this motion, and the affidavit of John S. Beall, hereto at-
tached and made a part of this motion." The motion was
denied by the court, and this appeal is taken by Beall &
Company from the order recording the court's ruling.

The case is before us on a transcript of so much of the
record in the case of Beall & Company v. J. J. O'Connor as
the appellant directed the clerk to transmit to this court.
Whether all of the record is here is not shown, and there is no

bill of exceptions or statement of facts, showing what was before the court when it passed upon the motion. Under these circumstances, we cannot consider the merits of the question presented. We have held, in a long line of cases, that all matters of evidence introduced at the trial of the case in the court below must be brought to this court by a bill of exceptions or statement of facts before they can be considered by this court on appeal. This is not only necessary in order that the court may know that the evidence returned was evidence considered by the trial court, but that it is all of the evidence considered by that court. *State v. Lee Wing Wah*, 53 Wash. 294, 101 Pac. 873.

The record in this cause is therefore incomplete, and we have no other alternative than to direct an affirmance of the order from which the appeal is taken. Affirmed.

CROW, C. J., MOUNT, MORRIS, and PARKER, JJ., concur.