[No. 14399. Department Two. April 3, 1918.]

Sound Credits Company, *Respondent,* v. C. C. Powers
*et al., Appellants.*[1]

Judgment—Default—Notice of Motion. Where hearing of a motion for a default was continued one day through efforts of defendants, they cannot claim want of notice of the hearing.

Appeal — Review — Affidavits — Record. Affidavits not made a part of the statement of facts cannot be considered on appeal where it does not appear that they were the only affidavits or evidence used on the hearing.

Bankruptcy—Husband's Discharge—Community Property. A discharge of a husband in bankruptcy, operates to discharge the wife and is a good defense as to the community.

Judgment—Default—Interrogatories. In an action against husband and wife, the failure of the husband to answer interrogatories propounded to him alone, does not put the wife in default.

Appeal from orders of the superior court for King county, Mackintosh, J., entered April 9, 1917, granting a default judgment, and denying a motion to vacate. Affirmed in part and reversed in part.

*Ray R. Greenwood* and *Wright, Kelleher & Allen* (*Dwight N. Stevens,* of counsel), for appellants.

*Robert F. Sandall,* for respondent.

Chadwick, J.—This is an appeal from an order of default and judgment entered against appellants for failure to answer interrogatories, and from an order denying appellants' motion to vacate the order of default and judgment.

Appellants contend that they were not given notice that the motion for default was to be heard, and, therefore, that the court committed error in entering the judgment.

[1]Reported in 171 Pac. 1031.

The case is brought here without a statement of facts. The only record before us is a transcript showing part of the papers filed in the superior court. From this fragmentary record we are able to glean, however, that the motion for default was served on counsel for appellants; that they were served with a notice that the motion would be brought on for hearing on February 17, 1917; that, on February 23, 1917, at the behest of defendants, an order for a stay of proceedings until March 2, 1917, was entered. It appears from the journal entries that, at the same time the stay order was entered, the motion for default was continued until March 2, 1917, on which date the motion for default was granted.

This being true, under the present state of the record, we are bound to assume, and it seems altogether reasonable, that, on February 23, 1917, the motion for default was continued to March 2, 1917, through the efforts of counsel for defendants. If this be true, and we cannot say it is not, they had notice that the motion would be heard on that date.

Counsel for appellants have brought up as a part of the transcript what purports to be copies of affidavits filed in the superior court in support of their motion to vacate the default and to set aside the judgment. It has been held that, where it does not affirmatively appear that the affidavits contained in the transcript were the only affidavits considered by the lower court, or that there was not other evidence submitted to the court, and it does not so appear here, they will not be considered. *International Dev. Co. v. Sanger,* 75 Wash. 546, 135 Pac. 28; *Beall & Co. v. O'Connor,* 76 Wash. 651, 139 Pac. 605; *Mattson v. Eureka Cedar Lum. & Shingle Co.,* 79 Wash. 266, 140 Pac. 377; *Thurman v. Kildall,* 80 Wash. 283, 141 Pac. 691; *State v. Clay, ante* p. 417, 171 Pac. 241.

It does appear, however, that the lower court erred in entering judgment against the community composed of both appellants. Appellant Gertrude I. Powers had entered her appearance jointly with her husband and had joined with him in answering. The answer pleaded a discharge of appellant C. C. Powers in bankruptcy, and was a good defense not only as to him, but as to the community.

"When the husband was discharged in bankruptcy from the obligation of the contract, it must of necessity follow that the wife was also discharged, because her separate property is not subject to the community debt." *Bimrose v. Matthews*, 78 Wash. 32, 138 Pac. 319.

No interrogatories had been propounded to the defendant wife and she was not in default. She had a right to be heard in support of her defense before a judgment against the community could be entered.

The order of default and judgment, in so far as it is against the community, will be vacated with directions to try out the issues raised by the answer. The judgment, in so far as it affects the appellant husband individually, is affirmed. The appellant wife will recover her costs on appeal.

ELLIS, C. J., MOUNT, and HOLCOMB, JJ., concur.