[No. 22277.    Department One.    April 28, 1930.]

J. E. KEYES, *Appellant*, v. H. AHRENSTEDT, *Respondent*.[1]

*S. H. Kelleran* and *L. H. Wheeler,* for appellant.

*Wingate & Benz* and *Morris & Dubuar,* for respondent.

BEALS, J.—June 1, 1928, the superior court for King county granted judgment in favor of J. E. Keyes, plaintiff in this action, against H. Ahrenstedt, the defendant, in the sum of $1,000, together with interest and costs.  Some time thereafter defendant moved the court to set aside a levy made by the sheriff under an execution issued pursuant to the judgment upon certain certificates of corporate stock which the sheriff had seized and advertised for sale, defendant's motion also attacking the execution and the notice of sale,

[1]Reported in 287 Pac. 35.

as well as the levy, upon the ground that the same were void and of no effect because the

". . . levy was not made in the manner required by the statutes of the state of Washington and that said certificates of stock were not and are not subject to attachment or execution."

Plaintiff then moved for an order

". . . striking out the so-called motion of defendant entitled 'motion to set aside levy,' together with the affidavit of defendant attached thereto . . . on the ground that the same is sham and frivolous."

In this motion plaintiff also asked for the appointment of a receiver in aid of execution to take possession of the shares of stock referred to in defendant's motion.

It would seem that a hearing was had by the superior court upon these motions, as there appears in the transcript a motion by plaintiff for a rehearing on his motion to vacate the levy, plaintiff basing this motion upon alleged "error of law occurring at such hearing and excepted to at the time." This motion appears to have been served and filed September 18, 1929.

September 27, 1929, the court entered an order granting defendant's motion to set aside the levy, the order reciting the appearance of the respective parties by their attorneys and that "the respective affidavits filed by the parties" were called to the attention of the court. The order recites the seizure by the sheriff of certain shares of the capital stock of Silver Cord Mining Company, an Alaska corporation, and recites "that said purported levy was not made in the manner required by law and that the said purported levy was illegal and not properly made upon said certificates," concluding with words granting defendant's motion to set aside the levy and vacating, quashing and setting aside the same and all subsequent proceedings

based thereon, the sheriff being by the order directed to return the certificates of stock to the person from whom the same were taken. On the same day the court entered an order denying plaintiff's motion to strike defendant's motion to set aside the levy, and also denying plaintiff's motion for the appointment of a receiver to take possession of the certificates of stock which had been seized by the sheriff and were then in his possession. To the entry of these orders plaintiff excepted and from them he appeals.

No statement of facts is before us, the only record we have being that contained in a transcript prepared by the clerk of the superior court containing the judgment above referred to, the motions of the parties and certain affidavits filed by and on behalf of the parties, respectively, together with an execution and the sheriff's return thereunder, with his notice of sale and certain certificates showing the sheriff's proceedings.

The order quashing the sheriff's levy, from which appellant appeals, shows on its face that certain affidavits filed by the parties were considered by the court in determining the questions adjudicated by the order. Under repeated decisions of this court, affidavits considered by the superior court in determining questions similar to those raised by the motions of the respective parties hereto cannot be considered by this court on appeal unless the same are brought here as part of a statement of facts; as the mere fact that affidavits appear in transcripts prepared by the clerk of the court does not show that the affidavits therein contained were all of the affidavits considered by the trial court, or even that the affidavits so contained in the transcript were called to the attention of the trial court and considered prior to making the ruling complained of. The order appealed from does not enumerate or describe the affidavits which were considered,

but simply mentions "the respective affidavits filed by the parties." In determining the questions presented on this appeal, we cannot consider the affidavits contained in the transcript. *Walker v. Walker,* 151 Wash. 480, 276 Pac. 300; *Ice Delivery Co. of Spokane v. Davis,* 137 Wash. 649, 243 Pac. 842; *In re Downings' Estates,* 146 Wash. 154, 262 Pac. 235.

■ Appellant argues that the appeal presents a question of law only, and that the judgment, motions and order considered alone demonstrate that the order quashing the levy was erroneous and should be reversed. Defendant's motion recites that it is based "upon the records and files of this action and upon the affidavit of the defendant hereto attached." Granted that, under the rule laid down by this court in *Swanson v. Pacific Shipping Co.,* 60 Wash. 87, 110 Pac. 795, an affidavit which is clearly identified by a motion may be considered on appeal from an order embodying a ruling upon the motion even in the absence of a statement of facts, we cannot in the case at bar, where the order recites that "the respective affidavits filed by the parties" were considered by the court, review the order quashing the levy in the absence of a statement of facts or bill of exceptions from which we can determine upon just what evidence the trial court based its ruling, and review the same. *Sakai v. Keeley,* 66 Wash. 172, 119 Pac. 190; *International Development Co. v. Sanger,* 75 Wash. 546, 135 Pac. 28; *State v. Wilson,* 139 Wash. 191, 246 Pac. 289.

From the record before us, we are unable to determine that the trial court erred in making the orders from which appellant appeals, and the orders are accordingly affirmed.

MITCHELL, C. J., TOLMAN, PARKER, and MILLARD, JJ., concur.