[No. 23524. Department Two. June 29, 1932.]

THE STATE OF WASHINGTON, *Respondent*, v. HENRY THERRIAULT, *Appellant*.[1]

*T. D. Page* and *Eugene F. Hooper*, for appellant.

*Robert M. Burgunder, Emmett G. Lenihan,* and *Theodore S. Turner,* for respondent.

[1]Reported in 12 P. (2d) 917.

MILLARD, J.—The defendant was charged by information with the crime of possession of a narcotic drug (morphine) which had been theretofore unlawfully acquired by him. From the judgment and sentence pronounced against him on the verdict of guilty, the defendant appealed.

The lone error urged as entitling appellant to a reversal of the judgment is the denial of the motion to suppress the evidence.

The day prior to the trial of the cause, hearing was had before a superior court commissioner on appellant's verified motion or petition to suppress the evidence taken from the person of the appellant at the time of his arrest. The allegations of the verified petition are that appellant was a visitor in the room of a certain man in a certain hotel, but that appellant was not connected with the room or its occupants in any way whatsoever; that Federal narcotic agents entered the room, searched it, found nothing, arrested the appellant, searched him, and found the morphine in question; that appellant had previously acquired the morphine lawfully for his personal use to satisfy his craving for the drug, he being an addict; and that the officers had no search warrant or warrant of arrest, and that the search of his person was without his consent.

The pertinent portion of the court commissioner's order denying the motion to suppress the evidence reads as follows:

"This matter coming on regularly to be heard in the above entitled court on the 15th day of September, 1931, before the Honorable J. B. Alexander, Court Commissioner of the above entitled court, . . . upon motion or petition of said defendant to suppress certain evidence, which said evidence sought to be suppressed is set forth in defendant's motion or petition to suppress said evidence herein; the state of Washington appearing by and through the prosecuting attor-

ney; defendant appearing by and through his attorneys; and the court having listened to the argument of respective counsel for the parties herein, and being otherwise fully and sufficiently advised in the premises, now, therefore, it is ORDERED, ADJUDGED AND DECREED that the motion and or petition of the defendant to suppress certain evidence, which is set forth in defendant's motion and or petition to suppress said evidence herein, be and the same is hereby denied. . . ."

Appellant's affidavit, which is incorporated in and made a part of his motion to suppress the evidence, is properly in the record, though not embodied in the statement of facts.

". . . this, because it is made a part of the motion, which motion became a part of the record without being embodied in the statement of facts." *State v. Wilson*, 139 Wash. 191, 246 Pac. 289.

In the clerk's transcript is an affidavit resisting appellant's motion to suppress the evidence. That affidavit was not made a part of the statement of facts, hence can not be considered on appeal. *State v. Wilson, supra; State v. Zupan*, 155 Wash. 80, 283 Pac. 671.

Other than appellant's affidavit, which is incorporated in his motion, there is not before us for consideration any evidence supporting appellant's motion. The record brought to this court does not affirmatively show that no other evidence was before the court commissioner upon the hearing of appellant's motion. Quite the contrary. The order denying the motion recites that the court commissioner was "otherwise fully and sufficiently advised in the premises."

The facts upon which a motion is based for suppression of evidence may be shown by affidavit. When so shown, as we have repeatedly held, the affidavits must be embodied in the statement of facts to be considered on appeal. While affidavits may be used to support

and to resist a motion to suppress evidence, and it is the common practice for such motions to be heard entirely on affidavits, in the absence of a statute requiring all evidence in support and in resistance of a motion to be put in the form of affidavits the facts may be made to appear by other proper proof, either written or oral.

"While affidavits are ordinarily the only testimony received upon motions, it is competent for the court, in its discretion and in the furtherance of justice, to call the witnesses before it, and to have them examined and cross-examined in its presence. It is within the discretion of a court to take testimony orally for the determination of issues of fact arising upon motions, . . ." 7 Bancroft's Code Practice and Remedies, § 5794, p. 7671.

It follows that the decision of the court commissioner on appellant's motion to suppress the evidence will not be disturbed, as the record fails to affirmatively show (the commissioner was "otherwise fully and sufficiently advised in the premises") that appellant's affidavit was the only evidence before the commissioner.

We have carefully read the statement of facts, and fail to find that, upon the trial of the cause in the superior court, there was a renewal by the appellant of his motion to suppress the evidence, upon the ground that there was no warrant of arrest or search warrant. It does appear at pages twenty and twenty-one of the statement of facts that counsel for appellant stated he would renew the motion, but he limited the motion to suppress the evidence upon the ground that the

". . . narcotics was not in the continuous possession of the arresting officers. There is no proof as to where the narcotics have been since the arrest, since the narcotics was taken from the person of the de-

fendant. The record shows one man searched the defendant and the narcotic was introduced by another."

Appellant does not complain in this court of the trial court's denial of that motion.

The judgment should be, and it is, affirmed.

TOLMAN, C. J., BEALS, MAIN, and HOLCOMB, JJ., concur.