[No. 29284. Department Two. April 24, 1944.]

B. Gray Warner, *Appellant*, v. Hearst Publications, Inc., et al., *Respondents*.[1]

*Patrick M. Tammany,* for appellant.

*Tanner, Garvin & Ashley,* for respondents.

Millard, J.—This action was instituted to recover damages for alleged libelous articles published by defendants in Seattle Post Intelligencer.

Pursuant to Rule VII, subd. 2, of Rules of Practice, which provides that the testimony of a witness may be taken by deposition to be read in evidence in a pending action, when such witness is an adverse party to the action, plaintiff appeared before a notary in Seattle April 8, 1943, in obedience to a subpoena *duces tecum* requiring him to appear before the notary to give testimony as an adverse party to defendants and to bring with him certain records and papers named in the subpoena. The notary, before whom plaintiff appeared, filed in the superior court for King county April 9, 1943, his certified record of the oral examination of plaintiff, who refused to answer the questions directed to him and

[1]Reported in 148 P. (2d) 315.

also refused to produce the papers listed in the subpoena *duces tecum.* The notary prayed that plaintiff be required to testify and produce the papers or that an order be entered declaring the plaintiff in contempt for his disobedience.

Invoking the statute (Rem. Rev. Stat., § 1230 [P. C. § 7764]), which provides that, if a plaintiff refuse to give his deposition or to answer any interrogatories filed, his complaint or reply may be stricken and judgment taken against him, unless the compelling of the plaintiff to answer the questions might tend to criminate the plaintiff, defendants, April 9, 1943, by written motion sought entry of an order striking the complaint and entry of judgment dismissing the action because of plaintiff's refusal to testify. The motion was based upon the record and files of the cause, including the certification by the notary as to proceedings had before him April 8, 1943, "and upon other proof to be offered at the time of hearing of this motion."

The Honorable Robert M. Jones, a superior court judge for King county, made an order July 16, 1943, after the court's consideration of the records and files of the cause and the arguments and statements of counsel, including the statement of their counsel that defendants would include a plea of truth in their answer, that objections of plaintiff to answer questions put to him on oral examination before the notary April 8, 1943, should be overruled as to those questions beginning on the pages and lines (indicated in the order) of the notary's certification covering the oral examination; that the objections of plaintiff be sustained as to the questions beginning on pages and lines (as indicated in the court's order) of the certification covering the oral examination; and that the objection, beginning on certain pages and lines (as indicated in the court's order) of the notary's certification of the proceedings, of plaintiff to the production of documents called for in the subpoena *duces tecum* be sustained in part and overruled in part. The order further recited that plaintiff would not be required to answer or produce documents, as directed by the court,

until defendants filed an answer, including a plea of truth of the statements alleged by plaintiff to be libelous; and that, upon defendants' filing of such answer, plaintiff would be required to appear before the notary

" . . . and will then and there answer each and every one of the questions herein directed to be answered by such witness and will upon demand produce records, documents and papers as herein directed, and the taking of the deposition *may be continued from day to day for the asking of further questions not inconsistent with this order* and admissible under the laws of this state." (Italics ours.)

Defendants' answer filed July 22, 1943, alleged that each and all the articles of which plaintiff complains are substantially true.

Plaintiff appeared before the notary October 7, 1943, pursuant to court's order of July 16, 1943, to testify as an adverse party to defendants in pending action, but refused to answer any questions or to produce any of the documents demanded. October 11, 1943, the notary filed a petition in the superior court reciting the foregoing and praying that plaintiff be declared in contempt. With the petition is filed, under the notary's certificate, a record of the proceedings before the notary October 7, 1943.

Defendants renewed motion to strike complaint and dismiss the action. An order was entered October 20, 1943, by Honorable Chester A. Batchelor, a judge of the superior court for King county, striking the complaint, and judgment was entered dismissing the action because of plaintiff's refusal to testify or produce documents as stated above.

The order recites that the matter came on regularly to be heard October 15, 1943, upon defendants' motion to strike the complaint and dismiss the action, plaintiff appearing by his attorney and defendants by their attorneys, and that

"Counsel for the plaintiff having stated that the plaintiff still refuses to answer any of the questions or to produce any of the documents as directed in that certain 'Order In Respect To Oral Examination Of The Plaintiff,' entered herein July 16, 1943, and the court having examined the records and files in the case and being fully advised in the premises, the court ruled that defendants' motion should

be granted, plaintiff's complaint stricken and judgment entered against him because he has refused and does still refuse to testify and has refused and does still refuse to give his deposition or to produce any of the records and documents as directed in the said order of July 16, 1943."

Plaintiff appealed from the foregoing order and from the judgment dismissing the action.

Respondents move that the appeal be dismissed and the judgment affirmed, for the reason that no statement of facts or bill of exceptions has been filed in the cause. It is contended that, in the absence of a statement of facts or bill of exceptions disclosing what evidentiary matter was before the trial court at the final hearing of the cause, the motion to dismiss the appeal and affirm the judgment must be granted.

Counsel for appellant contends that the only matter before the trial court when the order of dismissal was entered was the "Order In Respect to Oral Examination of the Plaintiff" entered July 16, 1943, incorporated in which was notary's certified record of proceedings of April 8, 1943; therefore, the proceedings before the notary are a part of the record on appeal.

The statute (Rem. Rev. Stat., § 390 [P. C. § 7818]) provides that depositions and other written evidence on file shall be appropriately referred to in the proposed bill of exceptions or statement of facts, and, when it is certified, the same or copies of such depositions or other written evidence, if the judge so directs, shall be attached to the bill or statement and shall thereupon become a part of such bill of exceptions or statement of facts.

That section (Rem. Rev. Stat., § 395 [P. C. § 7823]) of the statute, which lists what shall be a part of the record without incorporation of same in any bill of exceptions or statement of facts, does not include depositions, which are written evidence, and, under the statute (Rem. Rev. Stat., § 390), must be made a part of the bill of exceptions or statement of facts.

Depositions to be considered on appeal must be, as required by the statute (Rem. Rev. Stat., § 390), incorporated

in the record by bill of exceptions or statement of facts, and the necessity of preserving them by the method provided is not obviated by reference to them in the court's order. Where the method of preserving the depositions prescribed by the rules is not followed, every presumption will be indulged in favor of the ruling of the court granting motion to strike complaint for refusal of plaintiff to answer interrogatories.

Affidavits or other evidence used on hearing of a motion are not a part of the record proper and cannot be considered, where they are not included in a bill of exceptions or statement of facts. According to some of our holdings, an affidavit which is clearly identified as a part of a motion to which it is attached becomes a part of the record without being incorporated in a bill of exceptions or statement of facts. However, under this modified rule, a bill of exceptions or statement of facts is necessary to obtain a review of the ruling, unless the record affirmatively shows that no other evidence was considered by the trial court in ruling thereon. See *Keyes v. Ahrenstedt*, 156 Wash. 526, 287 Pac. 35.

In *Taylor v. Andres*, 83 Wash. 684, 145 Pac. 991, we held that, where the certificate of the trial judge fails to show that the statement of facts brought to this court contains all the material facts, matters, and proceedings occurring in the cause not already a part of the record therein, the statement of facts will, upon motion, be stricken, as in the absence of such a certificate it will be conclusively presumed that the statement of facts does not include all the material facts. In the absence of a statement of facts or bill of exceptions, it must be conclusively presumed, where an attempt is made to bring depositions and other evidentiary matter to this court in the transcript only, that evidence was submitted to, considered by, and sustains the judgment of the trial court.

In *Sound Credits Co. v. Powers*, 100 Wash. 668, 171 Pac. 1031, we held that, where the cause was brought to this court without a statement of facts, and the only record be-

fore us was a transcript disclosing that some papers were filed in the superior court and the appellants brought up, as a part of the transcript, what purported to be copies of affidavits filed in the superior court in support of their motion to vacate an order of default and to set aside a judgment in favor of the plaintiff, the affidavits not having been made a part of the statement of facts could not be considered on appeal, it not appearing that they were the only affidavits or evidence used on the hearing. We cited our prior holdings to the effect that, where it does not affirmatively appear that the affidavits contained in the transcript are the *only* affidavits considered by the lower court, or that there was not other evidence submitted to the court, the affidavits will not be considered.

In *Clay v. Selah Valley Irrigation Co.*, 14 Wash. 543, 45 Pac. 141, we held that, in order to entitle affidavits purporting to have been used on the hearing of a motion for appointment of a receiver to be considered on appeal, the fact they were so presented must be certified by the court in some manner. That is, depositions and other written evidence, unless authenticated by the certificate of the trial judge and brought into the record upon a proper bill of exceptions or statement of facts, cannot be considered, because in no other way could it be determined that they formed any part of the proceeding in the trial court or that the attention of the trial court was ever directed to such evidence. Depositions and other written evidence upon which reliance is had in this court or to which our attention is to be directed upon appeal must be brought into the record by a bill of exceptions or statement of facts. See *State v. Howard*, 15 Wash. 425, 46 Pac. 650; *Chevalier & Co. v. Wilson*, 30 Wash. 227, 70 Pac. 487.

In *Chevalier v. Wilson, supra,* we distinguished *State v. Vance*, 29 Wash. 435, 70 Pac. 34 (cited by appellant in support of his position that the record of the proceedings before the notary was considered by the court as appears from its order in passing upon respondents' motion to strike the complaint), stating that Vance's motion for continuance

and the affidavit supporting it were filed as one paper, and the order of the court denying the motion expressly recited that the court had read the affidavits presented in support of the motion; therefore, the affidavits constituted an inseparable part of the motion to which it was attached; and, as the order of the court, which expressly recites that the court "had read the same in support of the motion," is a part of the record, it furnishes conclusive evidence that the affidavit was presented to and considered by the trial court in passing on the motion for continuance. See *Weaver v. Stinson,* 177 Wash. 140, 31 P. (2d) 510, and *State v. Lee Wing Wah,* 53 Wash. 294, 101 Pac. 873.

In *Walker v. Walker,* 151 Wash. 480, 276 Pac. 300, we held that a ruling based on affidavits cannot be reviewed on appeal unless the affidavits are brought to this court by bill of exceptions or statement of facts. We said:

"In order to procure a review of a ruling by the superior court on questions of fact, the testimony, whether oral or by way of affidavit or deposition, upon which the trial court based its ruling, must be brought to this court by bill of exceptions or statement of facts, as that is the only method provided by law whereby this court can review a ruling of the superior court on a question of fact and be sure that the question is presented here upon the same evidence upon which the trial court based its ruling."

In *Gray v. Granger,* 48 Wash. 442, 93 Pac. 912, we held that an order denying a continuance cannot be reviewed on appeal, where the affidavit on which it was based was not brought up by a bill of exceptions or statement of facts. We said:

"The appellant's motion for a continuance was based on a purported affidavit by the appellant to the effect that one C. C. May was a necessary and indispensable witness for and on behalf of the plaintiff, and that he was not now, and had not been since the commencement of the action, a resident of the state; setting forth what he expected to prove by said witness. Motion is made to strike this affidavit from the files, which must be sustained under the uniform rulings of this court. So far as the record appears, this affidavit comes to this court without any proof of its having been a part of

the record or of the statement of facts. It is true that, in the case of *State v. Vance,* 29 Wash. 435, 70 Pac. 34, affidavits used in the court below were considered on appeal, but, as expressly stated, on the ground that they constituted a part of the motion before the lower court and were referred to and identified in express terms by the court in passing upon the motion before him. This case was distinguished from the case at bar, and from former and subsequent cases in which this question has arisen, in *Chevalier & Co. v. Wilson,* 30 Wash. 227, 70 Pac. 487, where the cases were reviewed, and where it was stated that the question was settled that affidavits introduced in the lower court would not be considered on appeal unless included in the statement of facts and certificate of the trial judge."

In *Du Pont Cellophane Co. v. Kinney,* 179 Wash. 270, 36 P. (2d) 1061, we held that affidavits to which specific reference is made in an order modifying a decree may be brought to this court in the transcript without being made a part of the statement of facts.

In *State v. Therriault,* 168 Wash. 517, 12 P. (2d) 917, we held that, where an affidavit for the suppression of evidence is incorporated in and made a part of a motion to suppress evidence, it is properly in the record though not embodied in the statement of facts; but affidavits resisting the motion cannot be considered unless made a part of the statement of facts. We further held that a court commissioner's order refusing to suppress evidence after a hearing cannot be reviewed, where the record fails to affirmatively show that all the evidence before the commissioner was brought up on appeal.

In *State Bank of Goldendale v. Beeks,* 119 Wash. 42, 204 Pac. 771, we held that evidentiary affidavits used on a motion to discharge or sustain an attachment to be available on appeal must appear in the record by a statement of facts or bill of exceptions. We said:

"With regard to the motion to dissolve the attachment, the appellant contends that the burden of supporting the grounds of the attachment rests upon the plaintiff and that he has not maintained the burden. It would possibly be a sufficient answer to the objection to say that the evidentiary affidavits are not before us. The statute does not make the

evidentiary affidavits used on a motion to discharge or sustain an attachment a part of the record. These to be available in this court must be brought up as other facts, by a statement of facts or a bill of exceptions (*Windt v. Banniza,* 2 Wash. 147, 26 Pac. 189), and here they appear only in the transcript over the certificate of the clerk."

In *Puget Sound Bulb Exchange v. St. Paul,* 174 Wash. 691, 26 P. (2d) 84, we sustained motion to strike from the transcript certain depositions because they were not served, certified, or settled or brought to this court by bill of exceptions or statement of facts as the rules require. We observed that the depositions and evidence attached to the transcript had never been certified by the trial judge; therefore, they were not a part of the record entitling them to consideration on appeal; that, notwithstanding a stipulation of the parties permitting the depositions to be attached to the transcript, we could not assume that these were matters which were submitted to, considered by, and which influenced the judgment of the trial court. We further held that, if they were, it must be presumed that other evidence was received which modified or offset their effect.

The court's order (summarized above) of July 16, 1943, required appellant to appear before notary and answer certain questions and produce certain documents. That order further provided that, in taking appellant's deposition, the proceedings could be continued from day to day for the asking of further questions than those propounded in the proceeding of April 8, 1943. Whether other questions were asked, the record fails to disclose. The order of October 20, 1943—the one from which the appeal was taken—recites that respondents' motion was granted because of appellant's *refusal to testify* and his refusal to give his deposition or to produce any of the records and documents as directed in the court's order of July 16, 1943.

If it were assumed that the records of discovery proceedings attached to the transcript were submitted to and considered by the trial court, it must be presumed, in the absence of a bill of exceptions or statement of facts, that other

evidence was submitted to, considered by, and sustains the judgment of the trial court.

█ To enable this court to review alleged improper striking of a complaint and the entry of judgment dismissing the action, because of refusal of plaintiff to answer interrogatories in a discovery proceeding authorized by Rule VII, subd. 2, Rules of Practice, it is necessary that record of discovery proceeding be made a part of the record on appeal by bill of exceptions or statement of facts.

In the absence of a bill of exceptions or statement of facts we cannot say that the trial court erred in striking the complaint and entering judgment dismissing the action because of appellant's refusal to testify. It follows, therefore, that the appeal is dismissed and the judgment dismissing the action is affirmed.

SIMPSON, C. J., ROBINSON, GRADY, and MALLERY, JJ., concur.