[No. 6992.    Decided January 17, 1908.]

THOMAS McCART, *Appellant*, v. RACINE WOOLEN MILLS, BLAKE & COMPANY, *Respondent*.[1]

APPEAL — RECORD — BILL OF EXCEPTIONS—AFFIDAVITS.  Affidavits used upon a hearing to quash a service of summons must be brought up on appeal by bill of exceptions or statement of facts, or appeal from the order will be dismissed.

Appeal from an order of the superior court for Spokane county, Poindexter, J., entered December 22, 1906, quashing a service of summons.    Appeal dismissed.

*S. P. Domer*, for appellant.

*Henley & Kellam*, for respondent.

PER CURIAM.—This is an appeal from an order quashing the service of summons.  The notice to quash was heard on affidavits which accompanied the motion, affidavits in answer thereto, and affidavits in reply to the answering affidavits. The respondent moves to dismiss the appeal.  The motion must be granted.  This court has repeatedly held that it cannot review a question of fact based upon affidavits unless the affidavits are brought before the court by the method provided by law for bringing evidence into this court.  This was not done in this case.  The appellant caused the affidavits to be certified by the clerk as part of the transcript, and procured a certificate of the judge certifying that the affidavits

[1]Reported in 93 Pac. 517.

were "presented to the court, and examined, and passed upon by the court at the hearing of said motion," but this does not comply with the statute. The statute requires that evidence be brought into this court by a bill of exceptions or a statement of facts. *Jacobsen v. Lunn,* 16 Wash. 487, 48 Pac. 237; *State v. Anderson,* 20 Wash. 193, 55 Pac. 39; *Chevalier & Co. v. Wilson,* 30 Wash. 227, 70 Pac. 487; *Anderson v. Mc-Gregor,* 36 Wash. 124, 78 Pac. 776; *Soder v. Adams Hardware Co.,* 38 Wash. 607, 80 Pac. 775; *Taylor v. Modern Woodmen of America,* 42 Wash. 304, 84 Pac. 867.

The appeal is dismissed.