[No. 7559.   Decided April 1, 1909.]

GEORGE M. McDONALD, *Appellant*, v. E. C. DOWNING,
*Respondent*.[1]

APPEAL—RECORD—STATEMENT OF FACTS — AFFIDAVITS.   The su-
preme court will not review an appeal from an order quashing a writ
of attachment, on a motion based upon affidavits, where the affidavits
are not brought up by bill of exceptions or statement of facts.

Appeal from an order of the superior court for Douglas
county, Steiner, J., entered May 2, 1908, quashing a writ of
attachment, after a hearing before the court.   Affirmed.

*Geo. M. Ryker* and *Walter & Bryant*, for appellant.

*Daniel S. Evans* and *W. A. Reneau*, for respondent.

FULLERTON, J.—The appellant brought an action against
the respondent to recover upon certain promissory notes.
At the commencement of his action he sued out a writ of at-
tachment and caused the same to be levied upon real property
belonging to the respondent.   As a part of the attachment
proceedings, he also caused a writ of garnishment to be
served on Bevis Bros., of Spokane, averring that they were
indebted to the respondent, and had money in their possession
belonging to the respondent.   The respondent appeared in
the action and moved to quash the attachment and garnish-
ment, basing his motion upon affidavits filed in court with the
motion.   On the hearing the attachment was dissolved and
the proceedings quashed.   The appellant thereupon sued out
a writ of garnishment under the statute relating to garnish-
ments, and caused the same to be served upon Bevis Bros.
and Evan & Jones, a copartnership, agents for Bevis Bros.
The respondent appeared and moved to quash this writ, bas-
ing his motion upon all the records and files in the action,
and upon the former motion and the affidavits used at the
hearing on that motion.   The court at the hearing dissolved

[1]Reported in 100 Pac. 834.

the proceedings and quashed the writ. From the order entered to that effect this appeal is taken.

The respondent has moved to dismiss the appeal, basing his motion on four several grounds, none of which do we find to be well taken. No appearance is made to the merits of the action. An examination of the record shows that the order entered below will have to be affirmed on the merits. It was based, as we have shown, upon facts brought to the attention of the trial court by affidavits, and these affidavits are not brought to this court either by a statement of facts or bill of exceptions. This is fatal to their consideration in this court; and without considering them we are unable to say there was error in the order quashing the writ of garnishment. See, *Windt v. Banniza*, 2 Wash. 147, 26 Pac. 189; *Chevalier & Co. v. Wilson*, 30 Wash. 227, 70 Pac. 487; *Griggs v. Mac-Lean*, 33 Wash. 244, 74 Pac. 360; *Taylor v. Modern Woodmen of America*, 42 Wash. 304, 84 Pac. 867.

The order is affirmed, but since the respondent did not appear to the merits of the appeal, no costs will be allowed him in this court.

ALL CONCUR.