[No. 8859.  Department Two.  May 28, 1910.]

KENNEDY DRUG COMPANY, *Respondent*, v. KEYES DRUG COMPANY *et al.*, *Appellants*.[1]

APPEAL—RECORD—STATEMENT OF FACTS—AFFIDAVITS AND EXHIBITS. Unless incorporated in a bill of exceptions or statement of facts, affidavits and exhibits cannot be certified to the supreme court by the trial judge or considered on appeal.

APPEAL AND ERROR—RECORD—NECESSITY — MOTIONS — CERTIORARI. An application for a writ of certiorari and a motion to advance the hearing of an appeal will not be considered until the record on appeal has been made up and filed in the supreme court.

Application filed in the supreme court May 11, 1910, for a writ of mandate directing the superior court for King county, Main, J., to certify certain exhibits and affidavits to be used on appeal, also for a writ of certiorari, and for other relief.  Denied.

*McCafferty, Robinson & Godfrey*, for appellants.
*Higgins, Hall & Halverstadt*, for respondent.

[1]Reported in 109 Pac. 56.

PER CURIAM.—This is an application for a writ of mandate to require one of the judges of the superior court of King county to certify to certain affidavits and exhibits used on the hearing of an application for the appointment of a receiver, in a certain action pending before him in which an appeal has been prosecuted to this court. The judge to whom the application to certify was made denied the application on the ground, and for the reason, that no statement of facts or bill of exceptions had been filed or served in the cause. The application for the writ of mandate must be denied. Affidavits read on the hearing of an application for the appointment of a receiver form no part of the record (*Clay v. Selah Valley Irrigation Co.*, 14 Wash. 543, 45 Pac. 141) ; and under our practice, matters and proceedings not already a part of the record can only be made so by bill of exceptions or statement of facts. Rem. & Bal. Code, § 388. The only reference in our statute to depositions and other written evidence is found in § 390, Rem. & Bal. Code, and under that section, such documents must be incorporated in a statement of facts or made a part thereof by proper reference.

We have repeatedly held that cases of this character will not be heard in this court on the testimony taken in the court below, in the absence of a statement of facts certified by the trial judge to contain all the material facts, matters, and proceedings occurring in the cause and not already a part of the record therein, or such as the parties have agreed to be material. In the present case, the return of the trial judge states that the proposed affidavits and exhibits do not contain all the testimony introduced at the hearing, and this affords an additional reason why the writ should be denied. The affidavits could not be considered by this court if certified as requested.

The application for a writ of mandate is accompanied by an application for a writ of certiorari, and by a motion to advance the hearing of the appeal before this court, but

these applications will not be considered until the record is made up and filed here. For the reasons stated, the several applications must be denied, and it is so ordered.