[No. 12401.  Department Two.  April 20, 1915.]

A. J. Speckert, *Appellant*, v. Regine M. Speckert,
*Respondent*.[1]

Appeal and Error—Record—Statement of Facts.  Where the
evidence in a cause on appeal has not been brought up by bill of
exceptions or statement of facts it will not be considered.

Appeal and Error—Record—Statement of Facts—Stipulation
of Parties.  A purported stipulation of counsel that no statement of
facts nor bill of exceptions need be filed is not established by the
production of correspondence which indicates only that they en-
deavored to agree upon portions of the files to be included in the
transcript, no reference being made to any statement of facts or
bill of exceptions.

Appeal and Error—Record—Affidavits.  Affidavits incorporated
in a transcript, but not made part of the record by statement of
facts or bill of exceptions, will not be considered on appeal.

Appeal and Error—Record—Abstract.  An appeal should be dis-
missed for want of a proper abstract of record, where the one of-
fered is substantially a copy of the transcript without abbreviation
or condensation, and fails to disclose that it had ever been filed in
the superior court.

Appeal from an order of the superior court for King
county, Frater, J., entered June 12, 1914, adjudging a con-
tempt for failure to comply with an order directing the pay-
ment of alimony.  Appeal dismissed.

*A. J. Speckert*, for appellant.

*Frank A. Paul, A. J. O'Connor*, and *Hastings & Stedman*,
for respondent.

Crow, J.—Plaintiff and defendant were formerly husband
and wife.  On March 23, 1907, the plaintiff was granted a
decree of divorce from defendant, by the superior court of
King county.  The parties had two minor daughters whose
custody was awarded to the defendant, and it was further
decreed that the plaintiff, until the further order of the court,

[1]Reported in 147 Pac. 1141.

should pay the defendant, on the first day of each and every month, the sum of $30 as alimony for the support, maintenance, and education of the minor daughters. Plaintiff himself alleged that this sum would be proper and reasonable for such purpose. At some date prior to April 1, 1912, the defendant applied to the superior court for an order adjudging plaintiff in contempt for the failure to pay in accordance with the decree. On that day the trial judge sent the cause to a referee with authority to summon witnesses, hear testimony, examine records and documents, and take an accounting. A report of the referee was approved on May 24, 1912, it being then found that defendant was entitled to $810.68, as overdue and unpaid alimony from March 23, 1907, to April 23, 1912. Thereupon an order was entered on June 7, 1912, directing plaintiff to pay $250 to defendant on or before June 14, 1912. In addition thereto he was ordered to pay $44.60 costs, and to pay back and current alimony at the rate of $60 per month, $30 to apply each month on back alimony and $30 on current alimony. No appeal was taken from this order. On April 14, 1914, Frank A. Paul, one of defendant's attorneys, filed an affidavit, in which it was alleged that the plaintiff had not made the payments as directed. The affidavit in part contained the following allegations:

"That the plaintiff has not made sufficient payments, since the entry of the said order of June 7, 1912, to keep up the current monthly alimony of $30; that on January 31, 1913, the plaintiff was delinquent in the sum of $1,069.18, of which $39.60 was for costs, which said balance was acknowledged by the plaintiff to affiant to be correct; that $150 accrued between February 1, 1913, and June 30, 1913, making a total of $1,219.78; that against this total payments aggregating $55 on alimony and $5 on costs were made in February and March, 1913, reducing the total on June 30, 1913, to $1,159.78, of which $1,125.18 was on alimony and $34.60 on costs; and that this balance was likewise acknowledged to be correct by the plaintiff;

"That since June 30, 1913, there has accrued under the said decree ten months' alimony, in the sum of $300, at $30 per month, up to and including April, 1914; that no part of this has been paid; that the costs have been reduced from $34.60 to $14.60 by the payment of $20, on account of costs, in July, 1913; that no part of the said balance of $14.60 due on old costs has been paid, although the plaintiff issued two checks for $5 each, drawn on his account at the Northern Bank & Trust Company, Seattle, in pretended part payment of the said costs, one on July 31, 1913, and the other on August 4, 1913; . . .

"That the plaintiff is a strong, able-bodied man, a practicing attorney, regularly engaged in practice; that as a side line, the plaintiff lectures on the subject of "Spiritualism" and conducts marriages, funerals, and christenings, for cash fees, among people of the "Spiritualist" persuasion; that plaintiff has confided to affiant that these collateral activities are remunerative to plaintiff; that affiant has reason to believe that the plaintiff can well afford to pay back the accumulated back alimony and pay the current and accruing alimony and costs, but that he refuses to do so because of hatred of his former wife, the defendant herein, a hatred not lessened by reason of plaintiff's subsequent marriage to his present wife;

"That this affidavit is made in support of an application for a show-cause order, citing the plaintiff to show cause why he should not be punished for failure to pay alimony, in accordance with this court's decree of March 23, 1907, and of June 7, 1912."

Upon this affidavit a show-cause order was issued and personally served upon plaintiff by defendant's attorney. Plaintiff interposed a motion to dismiss, a demurrer, and an answer, the burden of his contention being, (1) that the court had obtained no jurisdiction over him, because the show-cause order had been served by defendant's attorney and not by the sheriff or any other public officer; (2) that the two daughters of plaintiff and defendant have arrived at the age of majority, and that plaintiff cannot be held for further payment on their account; and (3) that the affidavit on which the show-cause order was issued failed to state suffi-

cient facts, as it did not allege that plaintiff was financially able to pay. After several preliminary hearings and interlocutory orders, the trial judge made an order requiring plaintiff to pay the defendant or her attorneys $50 on account of back alimony, within ten days, or that he be imprisoned not less than five nor more than ten days, for contempt of court. Plaintiff interposed a motion to vacate this order, which after hearing was overruled. Plaintiff failed and refused to make the payment of $50. Thereupon an order was issued for his arrest, and he has appealed.

The record is in an unsatisfactory condition, being so hopelessly incomplete and confusing that it is of but little, if any, assistance to this court in attempting to pass upon the appeal. It appears without dispute: (1) That appellant is badly in arrears for unpaid alimony which accrued before either of his daughters arrived at the age of majority; (2) that appellant is a practicing attorney and otherwise employed as stated in the affidavit of respondent's attorney; (3) that appellant has utterly failed to show his inability to pay the $50 on account of alimony which the trial court ordered him to pay; (4) that he continuously delayed the proceedings herein by technical objections and every possible method; and (5) that he has been able to give a supersedeas bond and prosecute this appeal at an expense which must largely exceed the payment which the trial court ordered him to make.

Respondent has moved to dismiss the appeal. The first ground of her motion which we will consider is that no bill of exceptions or statement of facts has been prepared, served, filed, or certified. In so far as we are able to comprehend the contentions made by appellant, it is apparent that, in their final analysis, they involve questions of fact which must be determined upon evidence. The orders of the trial court, including the final order, were made after hearing evidence. There has been no attempt to prepare, propose, file, or serve a statement of facts. Appellant seeks to excuse

himself for this omission by contending that respondent's attorney stipulated that no statement of facts or bill of exceptions need be filed, and produces certain correspondence between himself and respondent's attorney which he contends discloses such an agreement. The correspondence mentioned, which has been brought before us in affidavits filed by appellant to resist the motion to dismiss, fails to sustain his contention. Passing the question whether the parties could agree to have an appeal of this character heard without any statement of facts, bill of exceptions or any stipulation as to the facts, the letters indicate that appellant and respondent only endeavored to agree upon portions of the files to be included in the transcript, there being no reference to any statement of facts or bill of exceptions. Appellant has incorporated in his transcript affidavits which were filed in the superior court during the course of the proceedings. As none of these affidavits has been made a part of the record by statement of facts or bill of exceptions, they cannot be considered.

Respondent further moves to dismiss the appeal for the want of a proper abstract. The only abstract which appellant has attempted to prepare is substantially a copy of the transcript without abbreviation or condensation. It is of no assistance to this court, and was not filed until long after the filing of appellant's opening brief. It seems to have been then filed in this court, and fails to disclose that it was ever filed in the superior court.

For the want of any statement of facts or bill of exceptions, and for want of a proper abstract, the appeal is dismissed.

MORRIS, C. J., ELLIS, MAIN, and FULLERTON, JJ., concur.