[No. 24648. Department One. October 30, 1933.]

L. M. OLSON, *Appellant*, v. WILLIAM HOAR, *as Justice of the Peace, et al., Respondents.*[1]

*A. L. Maslan,* for appellant.
*Wm. R. Bell,* for respondents.

MILLARD, J.—This action was instituted against the defendant justice of the peace and M. Morgan, in the superior court for King county, to set aside a judgment entered in favor of Morgan against L. M. Olson in a cause tried in the court of the defendant justice of the peace. Plaintiff alleged that the judgment was void because the same was not rendered, as the statute (Rem.

[1]Reported in 26 P. (2d) 86.

Rev. Stat., § 1859) requires, within three days after the close of the trial, and prayed that defendants be restrained from taking any steps toward enforcement of the judgment.

To the order to show cause why the equitable relief prayed for in the complaint should not be granted, defendants made a return in the form of affidavits (controverting affidavits were filed by plaintiff) and also filed a demurrer to the complaint. The demurrer was based on the grounds of failure to state sufficient facts to entitle plaintiff to any equitable relief, and that plaintiff has a plain, speedy and adequate remedy at law.

The trial of the cause on the merits resulted in denial of the application for injunctive relief and dismissal of the action. From that disposition of the case, the plaintiff has appealed.

Any discussion respecting the correctness of the ruling on the demurrer would be purely academic. The court considered the complaint, the demurrer thereto and the affidavits of the parties in support of and against the order to show cause, and, being fully advised in the premises, denied the application for injunctive relief and dismissed the action. That the cause was tried on the merits in the superior court clearly appears from the order which reads as follows:

"This cause came on regularly in open court on February 17th, 1933, upon the order to show cause why the defendants should not be enjoined from issuing a garnishment or attachment or taking any further proceedings in the action in the Justice Court of Seattle Precinct before William Hoar, Justice of the Peace, in cause numbered 20808, and the return of the defendants in answer thereto, and also upon the defendants' demurrer to the plaintiff's complaint herein. The plaintiff appeared by his attorney, A. L. Maslan,

and the defendants by their attorney, William R. Bell, and the Court having considered the complaint of the plaintiff, the demurrer thereto and the affidavits of both parties in support of and against the order to show cause, and being fully advised in the premises,

"IT IS ORDERED, ADJUDGED AND DECREED that the plaintiff's application for injunctive relief against the judgment rendered in cause numbered 20808 of the files and records of the Justice Court of Seattle Precinct before William Hoar, Justice of the Peace, be and it is hereby denied.

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the demurrer of the defendants to the plaintiff's complaint be and it is hereby sustained, and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that inasmuch as the plaintiff is not entitled to any equitable relief herein, this cause of action should be, and it is hereby dismissed with costs in favor of the defendants.

"DONE IN OPEN COURT this 18th day of February, 1933. KAZIS KAY, Judge."

Did the justice of the peace render judgment within three days after the close of the trial? The determination of that question is dependent upon the evidence. The evidence is not before us. No statement of facts was prepared by the appellant. While the affidavits are in the clerk's transcript, they can not be considered, as the rule requires that, where affidavits are used upon a hearing and an order or judgment based thereon is entered and an appeal taken therefrom, the affidavits must be made a part of the statement of facts. *State v. Zupan*, 155 Wash. 80, 283 Pac. 671.

The evidence upon which the order is based not being before us, it will be presumed that there were sufficient facts to sustain the order.

Affirmed.

BEALS, C. J., STEINERT, MAIN, and MITCHELL, JJ., concur.