[No. 24742. Department One. November 14, 1933.]

LOUIS ALEXIOU et al., Appellants, v. LOUIS NOCKAS, Respondent.[1]

C. D. Liliopoulos, for appellants.
L. B. Schwellenbach, for respondent.

[1] Reported in 26 P. (2d) 619.

MITCHELL, J.—These two cases, consolidated for trial and appeal, were brought against Louis Nockas to recover for personal injuries received by the plaintiffs in an automobile accident.

One action was brought by Louis Alexiou and his wife and their minor child, by his guardian *ad litem.* The other action was brought by John Raptis. The jury brought in a verdict in each case for the defendant. A new trial was granted, in general terms, in favor of the child, John Alexiou, from which no appeal has been taken. Motions for new trials as to the other plaintiffs were denied. Judgment was entered in favor of the defendant dismissing both causes of action, except as to the child. Plaintiffs have appealed.

The controversy has been on appeal before, and was remanded for new trials. *Alexiou v. Nockas,* 171 Wash. 369, 17 P. (2d) 911. A rather full account of the facts and circumstances of the accident may be found in that report of the case. At that time, there was another action, consolidated with these two, brought by a brother of the respondent, which other action, it appears, was voluntarily dismissed by the plaintiff therein prior to the present new trial.

Generally speaking, it may be stated that the appellants and the respondent, while engaged in a common or joint venture, were going from Seattle to Chehalis on a picnic in an automobile belonging to and driven by the respondent, at which time the accident occurred, as alleged, by the negligent and reckless driving of the respondent. The defenses were appropriate general denials of the allegations in the complaint and affirmative allegations of contributory negligence.

The first assignment is that the court erred in not granting a new trial on account of misconduct on the part of a juror. The complaint in this respect

was presented to the trial court upon affidavits which are not made a part of the statement of facts, nor settled and certified by the trial judge, and therefore cannot be considered on the appeal. *Rogers v. Rowland,* 168 Wash. 148, 10 P. (2d) 988; *Swenland v. Gregory,* 118 Wash. 640, 204 Pac. 597, and cases therein cited.

It is next assigned that misconduct on the part of counsel for respondent, duly excepted to, prevented a fair trial. This refers to the opening statement of respondent's counsel to the jury. There was some colloquy and argument between respective counsel at that time, the most of which took place in the absence of the jury, but it clearly appears to have been satisfactorily adjusted by a stipulation, read to the jury by direction of the trial court, to which counsel for appellants said: "That is the stipulation."

Another assignment is that the court erred in refusing to give instruction No. 11, requested by appellants, on the subject of negligence. Without setting it out, it is sufficient, in our opinion, to state that the instruction requested was incorrect in its terms and went beyond the issues and proof, and at the same time was inconsistent with another instruction upon the subject matter which, we understand, was given at the request of the appellants.

Still another assignment is that the court erred in refusing to give instruction No. 12, requested by appellants. The court did give a clear and proper instruction upon that subject, in language of its own choosing, that was as good or better than the one proposed by the appellants.

The final assignment is that the verdict for the respondent, being against his theory of the case, is contrary to law, and hence necessarily based on passion

and prejudice of the jury. We see nothing in the verdict at all inconsistent with the theory of the respondent, as defined in his amended answer, alleging contributory negligence.

It seems to be argued in behalf of the appellants that the finding of the jury against the child indicated passion and prejudice. Clearly, granting a new trial in favor of the child, whether right or wrong, was not because of the least indication of passion or prejudice on the part of the jury, but, as a matter of law, within the opinion of the trial court, with respect to the charge of contributory negligence against the child. Nor does the necessity for granting a new trial to only one of several parties against whom a verdict is returned indicate passion or prejudice or error of any other kind.

Judgment affirmed.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.