[No. 27830. Department One. April 11, 1940.]

BLANCHE E. DAVIS, *Respondent*, v. THOMAS H. DAVIS, *Appellant*.[1]

[1]Reported in 101 P. (2d) 313.

*Chas. A. Cave* and *James G. Mulroy*, for appellant.

*Ralph A. Horr* (*Albert M. Franco*, of counsel), for respondent.

BLAKE, C. J.—Plaintiff brought this action for separate maintenance, alleging that she and defendant were married at Tacoma on October 3, 1938. Defendant answered, denying all the material allegations of the com-

plaint, and by way of cross-complaint alleged that the marriage ceremony performed on October 3rd was a nullity by reason of the fact that plaintiff was then the wife of one Pettit; that, prior to the ceremony, plaintiff had represented that she was an unmarried woman, but that subsequently she told defendant that she had, shortly prior to October 3rd, taken up her residence in Reno, Nevada, and had, on September 29, 1938, obtained a decree of divorce from Albert Pettit.

The cause came on for hearing July 5, 1939, and "the court having heard and considered testimony produced by and in behalf of the . . . parties present in court," made findings of fact in substance as follows: That in July, 1937, plaintiff, then the wife of Albert Pettit and a resident of Tulsa, Oklahoma, entered into an agreement with defendant "whereby in consideration of mutual promises of marriage," plaintiff should leave Tulsa and take up residence in Reno, Nevada, for the sole purpose of obtaining a divorce from Pettit; that, pursuant to the agreement, plaintiff disposed of certain property interests in Oklahoma, "of the approximate value of Three Thousand Dollars ($3,000) for . . . $1,000," and thereafter, "in the courts of the state of Nevada . . . brought suit for divorce from her husband Albert Pettit;" that, in prosecuting such suit and in moving to the state of Washington, plaintiff has expended the entire proceeds from the sale of her Oklahoma property; that "plaintiff, in consequence of *her performance of the aforesaid agreement,* has incurred expenses in the sum of One Thousand Dollars ($1,000);" that a marriage ceremony, "purporting to unite *plaintiff and defendant as husband and wife,*" was performed on October 3, 1938, and that subsequent thereto and until February 21, 1939, they "lived together as husband and wife;" that,

*"Through their respective attorneys, plaintiff and defendant . . . orally stipulated and agreed in open court that a decree of annulment should herein be entered."* (Italics ours.)

A decree was accordingly entered annulling the marriage and awarding plaintiff a money judgment of two thousand dollars against defendant. From the latter portion of the decree, defendant appeals.

■ The cause is here for review upon the pleadings and findings. The plaintiff has attempted to make a part of the record here an affidavit and certain exhibits, which defendant has moved to strike. This motion must be granted. There is no bill of exceptions nor statement of facts. Neither are the exhibits referred to and made a part of the findings. Unless affidavits and exhibits be incorporated in a bill of exceptions or statement of facts or be so referred to as to become a part of the findings, they cannot be considered as part of the record in this court. *Kennedy Drug Co. v. Keyes Drug Co.,* 58 Wash. 499, 109 Pac. 56; *Spokane Savings & Loan Society v. Park Vista Imp. Co.,* 160 Wash. 12, 294 Pac. 1028.

■ From the findings, it is apparent that the money judgment was intended as compensation for damages suffered by plaintiff for breach of the contract entered into between the parties in July, 1937. That contract, however, proposing, as it did, the procurement of a divorce by plaintiff from Pettit, was void as against public policy. 17 Am. Jur. 156; 2 Restatement Law of Contracts, 1098. A judgment for damages based upon a breach of such a contract cannot be upheld. *Delbridge v. Beach,* 66 Wash. 416, 119 Pac. 856.

Conceding this, plaintiff urges that the decree of annulment itself is void because it is based upon a stipulation of the parties. Defendant counters this contention with two theories: (1) That plaintiff, not having

appealed, has no standing to raise the question; (2) that, in the absence of a statement of facts, it is presumed that there was evidence to support the findings.

■ Both propositions may be accepted, and yet the problem of the validity of the decree cannot be ignored. It is against public policy to grant decrees of divorce or annulment of marriage upon the consent of the parties. 19 C. J. 149. This public policy, universally recognized, is carried into our statute law. By Rem. Rev. Stat., § 985 [P. C. §7504], it is declared:

"When the defendant does not answer, or, answering, admits the allegations in the complaint the court shall require proof before granting a divorce or a decree of nullity."

And Rem. Rev. Stat., § 996 [P. C. § 7512], provides:

*"In all instances where the superior court shall grant a divorce, it shall be for cause distinctly stated in the complaint, and proved, and found by the court, and the court shall state the facts found upon which the decree is rendered;* and when either party shall signify a desire to appeal from any of the orders of the court, in the disposition of the property or of the children, the court shall certify the evidence adduced on the trial, and the supreme court shall be possessed of the whole case as fully as the superior court was, and may reverse, modify, or affirm said judgment, according to the real merits of the case." (Italics ours.)

■ We have never been called upon to construe the latter section at the instance of a party who has not appealed from a decree by which he claims to be aggrieved. In construing it, we have always held, however, that findings must be made setting forth the grounds upon which the decree is granted. *State ex rel. Tufton v. Superior Court,* 46 Wash. 395, 90 Pac. 258; *Thornton v. Thornton,* 136 Wash. 129, 238 Pac. 977. In the former case, it was said:

"In this state the superior court in granting a divorce must grant it for a cause distinctly stated in the com-

plaint, proved and found by the court, *and the facts found upon which the decree is rendered must be stated.*" (Italics ours.)

And in the latter:

"In all instances where the superior court shall grant a divorce it shall be for cause distinctly alleged in the complaint, proved and found *'and the court shall state the facts found upon which the decree is rendered.'*" (Italics ours.)

By necessary implication, the statute and these cases construing it require that the *"facts found and stated"* must be sufficient in law to sustain the decree.

■ If the facts "found and stated" fail to support the decree, it is wholly immaterial which party appeals or from what portion of the decree he appeals. For, upon appeal, the statute (Rem. Rev. Stat., § 996) in terms vests this court with jurisdiction.

". . . of the whole case *as fully as the superior court was, and [it] may reverse, modify or affirm said judgment, according to the real merits of the case.*" (Italics ours.)

■ But, were it not for this provision of the statute, the interest of society, in maintaining the integrity of the family as a social unit, demands that the court see to it that decrees of divorce and of annulment of marriage be based on valid grounds. As was stated in *Graham v. Graham,* 54 Wash. 70, 102 Pac. 891:

"The interest of the public in all actions for divorce is such that a policy has grown up in accord with enlightened sentiment to discourage and deny divorces unless claimed upon proper grounds and sustained by an honest disclosure of the facts."

■ Now, in the light of these principles, declared by statute and judicial decision, can the decree in this case stand? We think not. For there are no facts *found*

*and stated* in the findings upon which a decree of annulment can be sustained. The findings explicitly refute the charge of fraud made by defendant: that plaintiff had represented herself to be an unmarried woman. While facts are stated from which it is apparent that the contract, upon breach of which the judgment for damages rests, is void, it does not follow that the marriage between plaintiff and defendant is void. There is no finding that either of the parties was under any disability at the time the marriage ceremony was performed. By the plainest of implications, it is found that plaintiff was divorced from Pettit at the time of her marriage to defendant. Quoting again from the findings: "Plaintiff, in consequence of her *performance of the aforesaid agreement*, has incurred expenses, etc."

Support for the implication contained in this finding is found in defendant's own pleading when he asserts that plaintiff informed him that she had obtained a decree of divorce from Pettit at Reno on September 29, 1938. There is no finding that this decree of divorce was invalid. Nor are there any facts found upon which such a conclusion can be based.

There is no presumption that that decree is invalid. On the contrary, when a man and woman go through a marriage ceremony, the presumption is they have the legal capacity to enter into the marriage relation. *Thomas v. Thomas,* 53 Wash. 297, 101 Pac. 865; *State ex rel. Bentley v. Frenger,* 158 Wash. 683, 291 Pac. 1089; *Brokeshoulder v. Brokeshoulder,* 84 Okla. 249, 204 Pac. 284, 34 A. L. R. 441, note, 474. One who attacks the validity of a second marriage, while admitting the fact of the second marriage, assumes the burden of proving the illegality of the latter, and must not only prove the prior marriage but also that it has never been dissolved. *Goldwater v. Burnside,* 22 Wash. 215,

60 Pac. 409; *Donofrio v. Donofrio,* 167 Wash. 80,. 8 P. (2d) 966.

From our analysis of the findings, we are convinced that no facts are found and stated upon which to base a decree of annulment. In other words, in our view of the record, the decree rests solely upon the oral stipulation for annulment entered into between the parties before the court. Since that agreement is against public policy, a decree based upon it is a nullity. It will therefore be set aside and the cause remanded for further proceedings not inconsistent with this ruling. Neither party will be allowed costs on appeal.

MAIN, ROBINSON, and SIMPSON, JJ., concur.

MILLARD, J., concurs in the result.

[1]Reported in 101 P. (2d) 311.