[No. 29443.    Department One.    November 6, 1944.]

NORMAN A. WHITTAKER, *as Receiver, Respondent,* v. E. R. WELLER *et al., Appellants.*[1]

[1]Reported in 152 P. (2d) 957.

*W. B. Magee* and *Arthur H. Hutchinson,* for appellant.

*H. S. Sanford,* for respondent.

STEINERT, J.—This is an appeal by the defendants E. R. Weller and the marital community consisting of himself and his wife, judgment debtors in the action, from an order denying their motion to dismiss a writ of garnishment after judgment and simultaneously allowing plaintiff recovery against the garnishee defendant in an amount found to be owing by the garnishee to the defendant husband. We shall hereinafter refer to E. R. Weller, the husband, as though he were the sole appellant in the case.

In May, 1940, respondent as receiver for a corporation obtained judgment against the appellant in the sum of $3,335, which represented the balance owing upon appellant's promissory note together with an attorney's fee fixed by the trial court. Upon appeal to this court, the judgment was affirmed on March 10, 1941. *Whittaker v. Weller,* 8 Wn. (2d) 18, 111 P. (2d) 218.

The judgment not having been paid, respondent on April 4, 1944, procured a writ of garnishment directed to a third party, a corporation. The garnishee defendant answered, disclosing that it was indebted to the appellant in a substantial amount. Appellant thereupon appeared in that proceeding and moved the court for an order dismissing the writ of garnishment, on the ground that he had previously been adjudicated a bankrupt and thereafter had been duly and regularly discharged from all provable debts and claims. Attached to and made a part of his motion for dismissal of the writ of garnishment was appellant's affidavit reciting that he had filed his petition in bankruptcy and been adjudged a bankrupt on May 12, 1942; that respondent had been duly listed as a creditor of the bankrupt in the amount of the judgment above mentioned; that in the course of the bankruptcy proceeding respondent had filed charges of fraud against the bankrupt and had made objections to the bankrupt's procuring a discharge; that in response to those objections appellant had filed his answer denying the charges of fraud; that the matter was then duly set down

for hearing before the referee on the respondent's objections; that respondent was duly notified of such hearing, but failed to appear thereat; and that the referee in bankruptcy thereupon overruled the objections and, pursuant to the provisions of the national bankruptcy act, discharged the appellant.

It appears from the clerk's transcript of the record on this appeal, and it is conceded by both parties, that respondent filed, in opposition to appellant's motion for dismissal of the writ, a counteraffidavit denying the material portions of appellant's affidavit and, in turn, setting forth affirmative grounds for denying appellant's motion. So far as this same record discloses, these affirmative allegations of respondent's counteraffidavit were not controverted by appellant. For reasons stated a little later herein, however, we are not permitted to take cognizance of or to consider respondent's counteraffidavit further than to say that it was presented to, and considered by, the trial court. We therefore will not recite the contents of the counteraffidavit, although it appears as a part of the transcript.

The instant cause came on regularly for hearing before the superior court on appellant's motion to discharge the writ of garnishment. The hearing was very brief, so far as the record furnishes any light. Appellant's counsel made an opening statement to the effect that he was basing his motion on appellant's previous discharge in bankruptcy and thereupon introduced in evidence, as exhibits, certified copies of the material portions of the record in the bankruptcy proceeding as detailed above. No testimony was taken at the hearing, and the cause appears to have been heard and decided by the trial court upon the affidavits on file, the original pleadings in the main case, and the exhibits introduced by the appellant. After argument by counsel the court rendered an oral decision as follows:

"I will hold that *the affidavit* shows that the note in question was procured by fraud and that the defendant [appellant] Weller was not discharged from liability thereon by the order of discharge in the bankruptcy proceedings; that fraud was had in connection with the giving of the promis-

sory note. I will deny the motion to dismiss the proceeding." (Italics ours.)

Sometime thereafter, the trial court entered a formal order denying appellant's motion to dismiss the writ of garnishment and directing entry of judgment against the garnishee defendant in the amount found by the court to be owing by the garnishee to the appellant. That order contained, *inter alia,* the following recitals and directions:

" . . . and the court having heard the arguments of respective counsels *and having read the affidavits of the plaintiff* [*respondent*] *and the defendant* [*appellant*], and having examined the records of said cause and the records of the court; it appearing that the plaintiff has a judgment against the defendant . . . which has not been paid or satisfied; and it appearing that the defendant, subsequent to the entry of said judgment, obtained a discharge in bankruptcy; and it further appearing that the transaction out of which the plaintiff obtained judgment herein was the result of fraud practiced by the said defendant, and that said judgment has not been discharged by the proceedings of bankruptcy; and the court having considered the argument of counsel and being in the premises fully advised, Now THEREFORE

"IT IS ORDERED, ADJUDGED AND DECREED that the judgment of the plaintiff against the defendant in the above-entitled action has not been discharged by the discharge in bankruptcy of the defendant, E. R. Weller.

"IT IS FURTHER ORDERED that the Motion to Dismiss Writ of Garnishment issued herein to the Boeing Aircraft Company be and the same is hereby denied.

"IT IS FURTHER ORDERED that the plaintiff have and recover judgment against the Boeing Aircraft Company, garnishee defendant, in the sum of $235.57." (Italics ours.)

Prior to the entry of the foregoing order, appellant made application to this court for a writ of prohibition to restrain the trial court from proceeding further in the garnishment matter. In response to the show cause order which was thereupon issued, a return was made, and upon a hearing thereon appellant's application for the writ was denied. In due course, the order, recited in part above, denying appellant's motion to dismiss the writ of garnishment was entered

by the trial court, and from that order this appeal was taken.

Appellant's contention, as urged in his brief on appeal, is that the order of discharge entered by the referee in bankruptcy after overruling respondent's objections to such discharge on the ground of fraud perpetrated by the bankrupt appellant, is *res judicata* and a bar to a subsequent hearing before the superior court on the same issue and, further, that the fraud charged by the respondent, and found by the superior court, is not the kind of fraud which is intended by the bankruptcy act to be excepted from discharge.

Although the respondent has also discussed these questions in his brief, he has first moved this court to dismiss the appeal on the grounds (1) that appellant failed to file a statement of facts in the manner required by law, and (2) that the affidavits on which the trial court based its order denying appellant's motion have not been brought to this court by the statement of facts and that therefore the order cannot be reviewed. We must first consider respondent's motion and if either of the grounds assigned are well taken the motion to dismiss the appeal will have to be granted, regardless of what otherwise might be held on the merits of the controversy.

On the first ground assigned by respondent, his contention is that the statement of facts was procured solely for the purpose of applying to this court for the writ of prohibition referred to above and that the statement therefore cannot be used for the purpose of this appeal, and, further, that no notice of the presentation of the statement of facts to the trial court for certification or of appellant's application for use of the statement was ever given to respondent.

The record discloses that, when the statement of facts was originally presented by the appellant to the trial court for certification, counsel for both parties were present and concurred in such action by the court. It further appears from the record in this court that although the statement of facts was first filed for use in the prohibition proceeding it was later withdrawn, by stipulation of counsel, for use in the present appeal and, pursuant to such stipulation, was sub-

sequently refiled for that very purpose. We think there is no merit in the first ground of respondent's motion to dismiss the appeal.

The second ground of respondent's motion presents a much more serious question. It is apparent from what has been stated above that at the hearing before the trial court affidavits were read to, and considered by, the court, and that its decision was rested partly, if not entirely, thereon. The statement of facts and the court's order both make general reference to such affidavits. Respondent now insists that this court cannot inquire into the sufficiency or efficacy of these affidavits because they have not been brought to this court by a bill of exceptions or statement of facts, and that therefore the court's order based on such affidavits cannot be reviewed.

This court has held in a long and unvarying line of decisions, from early days to the present time, that affidavits used in the trial court are not a part of the record and will not be considered on appeal unless brought into the record by bill of exceptions or statement of facts. *Whidby Land & Development Co. v. Nye,* 5 Wash. 301, 31 Pac. 752; *Heffner v. Board of County Commissioners,* 16 Wash. 273, 47 Pac. 430; *Jacobson v. Lunn,* 16 Wash. 487, 48 Pac. 237; *Norfor v. Busby,* 19 Wash. 450, 53 Pac. 715; *Griggs v. MacLean,* 33 Wash. 244, 74 Pac. 360; *Sellers v. Pacific Wrecking & Salvage Co.,* 34 Wash. 111, 74 Pac. 1056; *McCart v. Racine Woolen Mills, Blake & Co.,* 48 Wash. 314, 93 Pac. 517; *McDonald v. Downing,* 52 Wash. 394, 100 Pac. 834; *Kennedy Drug Co. v. Keyes Drug Co.,* 58 Wash. 499, 109 Pac. 56; *Swanson v. Pacific Shipping Co.,* 60 Wash. 87, 110 Pac. 795; *International Development Co. v. Sanger,* 75 Wash. 546, 135 Pac. 28; *Mattson v. Eureka Cedar Lbr. & Shingle Co.,* 79 Wash. 266, 140 Pac. 377; *Thurman v. Kildall,* 80 Wash. 283, 141 Pac. 691; *Speckert v. Speckert,* 85 Wash. 229, 147 Pac. 1141; *State Bank of Goldendale v. Beeks,* 119 Wash. 42, 204 Pac. 771; *Walker v. Walker,* 151 Wash. 480, 276 Pac. 300; *Marsh v. West Fir Logging Co.,* 154 Wash. 137, 281 Pac. 340; *Keyes v. Ahrenstedt,* 156 Wash. 526, 287 Pac. 35; *Dailey v. Dailey,* 163 Wash. 104, 299 Pac. 988; *Olson v.*

*Hoar,* 174 Wash. 696, 26 P. (2d) 86; *Alexiou v. Nockas,* 175 Wash. 142, 26 P. (2d) 619; *Nimey v. Nimey,* 182 Wash. 194, 45 P. (2d) 949; *State v. Tumwater Lbr. Mills Co.,* 194 Wash. 411, 78 P. (2d) 160; *Cloquet v. Department of Labor & Industries,* 195 Wash. 178, 80 P. (2d) 547; *Lofthus v. Cumming,* 198 Wash. 115, 87 P. (2d) 283; *Johnson v. Stewart,* 1 Wn. (2d) 439, 96 P. (2d) 473; *Davis v. Davis,* 3 Wn. (2d) 448, 101 P. (2d) 313; *Rosencrans v. Purrier,* 15 Wn. (2d) 558, 131 P. (2d) 442; *Smyser v. Smyser,* 19 Wn. (2d) 42, 140 P. (2d) 959. This list of cases is by no means exhaustive.

However, it is also the rule, as specifically held or else indicated in a number of the cases above cited, that, where an affidavit is clearly identified as a part of a motion to which it is attached or is referred to and identified in the order determining the motion to which it relates, it need not be brought up on appeal by bill of exceptions or statement of facts, but may become a part of the record by inclusion in the transcript certified by the clerk. See the *Swanson, International Development Co., Mattson, Keyes, Johnson,* and *Rosencrans* cases, *supra.*

As shown above, appellant's affidavit was attached to, and by specific reference made a part of, his motion to dismiss the writ of garnishment. That affidavit therefore complied with the rules above stated and became a part of the record without being included in the statement of facts. On the other hand, respondent's counteraffidavit, although filed in the case, was not made a part of any motion nor was it properly identified by the order here sought to be reviewed, nor has it been made a part of the record by being incorporated in the statement of facts. That affidavit is therefore not properly before us and its contents cannot be considered.

The situation obtaining upon this appeal is therefore one where it definitely appears from the record that the trial court disposed of appellant's motion to dismiss the writ of garnishment upon the affidavits filed in the case, but that only one of the affidavits is properly before us. It is equally clear from what does appear in the record that the court's decision must have been largely influenced, if not entirely

governed, by respondent's counteraffidavit, which has not been made a part of the record. Consequently, the complete record concerning the order here in question is not before us, and for that reason the order cannot be reviewed. *Sakai v. Keeley,* 66 Wash. 172, 119 Pac. 190; *International Development Co. v. Sanger,* 75 Wash. 546, 135 Pac. 28; *State v. Wilson,* 139 Wash. 191, 246 Pac. 289; *Keyes v. Ahrenstedt,* 156 Wash. 526, 287 Pac. 35; *Simmons v. Department of Labor & Industries,* 175 Wash. 290, 27 P. (2d) 567; *Hunter v. Department of Labor & Industries,* 190 Wash. 380, 68 P. (2d) 224.

■ Appellant argues earnestly that respondent's affidavit was immaterial, incompetent, and inadmissible, and could not in any event be considered by the trial court. The fact is, however, that the affidavit was considered by that court, and it appears from the statement of facts that no objection to its consideration was made by the appellant at the hearing. Aside from that, however, since the affidavit is not before us, we cannot say that it was immaterial or incompetent. Rather, must we assume that it was sufficient to support the ruling made thereon by the trial court.

The appeal must be dismissed, and it is so ordered.

SIMPSON, C. J., MILLARD, and JEFFERS, JJ., concur.

GRADY, J. (dissenting)—I am not in accord with the view that this appeal should be dismissed. I think the counteraffidavit of the respondent is sufficiently referred to and identified in that part of the order of the court quoted in the majority opinion so that it may be included in the transcript certified by the clerk and considered by us. No claim is made that there was any other affidavit on the subject involved filed or presented to the court. There is a copy of an affidavit of the plaintiff (respondent) attached to a motion and a copy of an affidavit of the defendant (appellant) in response in the certified transcript, and it seems to me that, if the language of the order of the court, "and having read the affidavits of the plaintiff and the defendant, and having examined the records of said cause and the records of the

724

court," is such that it can be said the motion and affidavit is sufficiently referred to in the order, it must then also follow that sufficient reference is made to the affidavit of the other party in response and relating to the same subject.

The motion to dismiss the appeal is based upon the assertion that the affidavits in question are not included in the statement of facts. The alternative referred to in the majority opinion is not raised or discussed in respondent's brief. And, while it is proper for this court to raise the question of its own motion, inasmuch as it involves the jurisdiction of the court, I believe both affidavits are so referred to in the order of the court as to entitle them to consideration. This would require that the motion to dismiss be denied and the appeal considered on its merits.

On Rehearing.

[<em>En Banc.</em>   January 26, 1945.]

Per Curiam.—Upon a rehearing <em>En Banc,</em> a majority of the court adheres to the Departmental opinion heretofore filed herein.