[No. 30067. Department Two. January 22, 1947.]

R. S. WELCH, *Appellant*, v. GREAT LAKES CASUALTY COMPANY, *Respondent*.[1]

[1]Reported in 176 P. (2d) 436.

*Bassett & Geisness* and *Graham K. Betts,* for appellant.

*Ballinger, Hutson & Truscott,* for respondent.

ROBINSON, J.—This appeal, as shown by the record transmitted by the clerk of the superior court for King county, was duly and regularly perfected from a final order entered in the above-entitled cause on April 19, 1946. Omitting its formal parts, the questioned order reads as follows:

"This matter having come on duly and regularly for hearing before the undersigned Judge of the above entitled Court upon the application of the defendant for an order dismissing the above cause of action against said defendant, for want of prosecution, pursuant to Remington's Revised Statutes, Sec. 308-3, and it appearing to the Court that good cause having been shown therefor, and it further appearing that the defendant did not hinder or delay in any way the bringing of said cause on for hearing, and that therefore such application for said order should be granted, now therefore,

"IT IS HEREBY ORDERED that the above entitled cause of action be, and the same is hereby dismissed without prejudice for want of prosecution."

The motion granted by the above order reads as follows:

"Comes now the defendant, pursuant to Remington's Revised Statutes, Sec. 308-3, and moves the above entitled Court for an order dismissing the above entitled action for want of prosecution, upon the ground and for the reason that this case has been at issue since September 5th, 1944, and the trial setting has been twice stricken by motion of plaintiff's attorneys, and no further proceeding has been had since the case was last stricken.

"This Motion is based upon the files and records herein, and upon the affidavit of William J. Truscott *hereto attached.*" (Italics ours.)

We quote the full text of the attached affidavit:

"WILLIAM J. TRUSCOTT, being first duly sworn on oath deposes and says: that he is one of the attorneys for the defendant in the above entitled cause, and now a member

of the law firm of Ballinger, Hutson & Truscott, and that affiant makes this affidavit in support of Motion for Dismissal for Lack of Prosecution;

"That on June 23rd, 1943, the original Summons and Complaint in the above matter was served, and after certain Motions were made by the defendant and Orders relating thereto entered, an Amended Complaint was served on June 9th, 1944; that on July 6th, 1944, Answer on behalf of the defendant was served; that on September 3rd, 1944, Demand for Jury and Note for Trial Docket were served, on September 5th, 1944, defendant's Answer was filed. That the case was thereafter set for trial on March 13th, 1945, and continued at the request of plaintiff's attorneys to April 3rd, 1945, and then stricken by request of plaintiff's attorneys;

"That subsequently to that last date there has been no other or further pleadings or proceedings of any kind whatever had or done in the above entitled action, and more than one year has elapsed since the last trial date was stricken. That neither the defendant or its attorneys have in any way hindered or delayed the bringing of said action to trial."

In the transcript, the above affidavit is followed by a purported answering affidavit executed by Graham K. Betts, one of the appellant's attorneys, on April 18th. The transcript shows that it was filed in the clerk's office on April 19th, the same day the order appealed from was entered. It is agreed by the parties to this appeal that no statement of facts of any kind has ever been filed in the cause.

We are confronted at the outset with a contention that, under the circumstances above shown, the above-noted affidavit of Mr. Betts cannot be considered on this appeal. This contention is well taken. The applicable rule has been approved in so many cases that citation of authority is scarcely necessary. At all events, the citation of *Whittaker v. Weller,* 21 Wn. (2d) 716, 152 P. (2d) 957, a Departmental decision pronounced in 1944, in which a rehearing *En Banc* was refused by a *per curiam* opinion in January, 1945 (21 Wn. (2d) 724, 155 P. (2d) 284), should be sufficient. In that case, it is said:

"This court has held in a long and unvarying line of decisions, from early days to the present time, that affidavits

used in the trial court are not a part of the record and will not be considered on appeal unless brought into the record by bill of exceptions or statement of facts."

Presumably with the hope of settling that matter for good and all, the writer of the opinion cited twenty-nine Washington decisions as authority for the above statement, the first of the list decided in 1892 and the last in 1943, and further said: "This list of cases is by no means exhaustive."

■ We have exactly the same situation in this case that confronted this court in *Whittaker v. Weller, supra*, except that the parties are reversed. If "respondent's" be substituted for "appellant's" in the first line of the following quotation from the opinion in the *Whittaker* case, and "appellant's" for "respondent's" in the sixth line thereof, it may be adopted as our ruling in this case:

"As shown above, appellant's affidavit was attached to, and by specific reference made a part of, his motion to dismiss the writ of garnishment. That affidavit therefore complied with the rules above stated and became a part of the record without being included in the statement of facts. On the other hand, respondent's counteraffidavit, although filed in the case, was not made a part of any motion nor was it properly identified by the order here sought to be reviewed, nor has it been made a part of the record by being incorporated in the statement of facts. That affidavit is therefore not properly before us and its contents cannot be considered."

By referring to the text of the order appealed from, hereinbefore quoted in full, it will be seen that it was made as the consequence of a "hearing." For all we know, oral evidence may have been taken. At least, we are justified in concluding that someone was *heard*, possibly only the adverse attorneys. In any event, concessions may have been made at the hearing, or oral stipulations entered into, which justified the making of the order. We cannot consider the Betts' affidavit, and under the state of the record, must accept the affidavit, which was attached to the defendant-respondent's motion, as true.

■ That being the case, it follows that the case is

brought squarely under Rule 3, Rules of Practice, 18 Wn. (2d) 32-a, which reads as follows:

"Any civil action shall be dismissed, without prejudice, for want of prosecution whenever the plaintiff or cross-complainant shall neglect to note the action for trial or hearing within one year after any issue of law or fact has been joined, unless the failure to bring the same on for trial or hearing was caused by the party who makes the motion to dismiss. Such motion to dismiss shall come on for hearing only after notice to the adverse party."

In view of the many citations listed under the rule as it appears in 18 Wn. (2d) 32-a, and the many rulings to the same effect which have since been made and are readily accessible, it is unnecessary to cite further authority on this point.

 During the oral argument in this court, the appellant's attorney, realizing that, if the court came to the above conclusions, the order appealed from must necessarily stand, either as a result of the dismissal of the appeal or by an affirmance here upon such facts as we can properly consider, asked leave to secure and file a statement of facts. But if we had the power to enter such an order, it could obviously result in no advantage to the appellant. The order appealed from was entered on April 19, 1946. The ninety-day period provided for by rule or statute for filing a statement of facts therefore expired on or about July 18th, and any statement of facts filed thereafter would be vulnerable to the respondent's motion to strike. This point also requires no extensive citation of authorities. As typical, see *Tremblay v. Nichols,* 187 Wash. 109, 59 P. (2d) 1123; *Pattison v. Walker,* 2 Wn. (2d) 62, 97 P. (2d) 160, 100 P. (2d) 20; *Bennett v. McKellips,* 8 Wn. (2d) 176, 111 P. (2d) 558; and *Martell v. Raymond,* 11 Wn. (2d) 165, 118 P. (2d) 950.

The order appealed from must stand affirmed. It is so ordered.

MALLERY, C. J., STEINERT, JEFFERS, and HILL, JJ., concur.