[No. 33304.   Department One.   December 1, 1955.]

PIERCE COUNTY, *Respondent,* v. HOMER F. KING *et al.,*
*Appellants.*[1]

¹Reported in 290 P. (2d) 462.

*Leo Teats* and *Ralph Teats,* for appellant.

*John J. O'Connell, Robert A. Jacques,* and *Thomas R. Garlington,* for respondent.

HAMLEY, C. J.—Pierce county instituted this condemnation proceeding to acquire land on which to construct a new courthouse. One of the parcels described in the complaint is owned by Homer F. King and his wife, Ida Mae King. The National Bank of Washington holds a mortgage on this tract, and was also named a defendant. The Kings will be referred to herein as if they were the only defendants and appellants.

The parcel in question consists of two lots, located on the corner of Tenth street and Tacoma avenue, in the city of Tacoma. This property is improved with a three-story frame building and a small cottage, or bungalow. The building contains two stores on the Tacoma avenue level, and apartments or housekeeping rooms on the second and third floors.

Two expert witnesses called by Pierce county expressed the opinion that the fair (one witness said "cash") market value of the property was $20,900. Two expert witnesses called by defendants placed a fair cash market value on the property of $31,000 and $31,200, respectively. The jury returned a verdict of $22,500. After denying defendants'

motion for a new trial, judgment was entered on the verdict. Defendants appeal.

■ Two of the assignments of error relate to the reception of evidence concerning the sale price of other properties. As to one of these properties, it is argued that the sale included furniture, the separate value of which was not sufficiently established. The witness who testified as to this sale first stated he would "presume" the value of the furniture was about two thousand dollars. When objection was made to testimony based upon a presumption, the witness testified: "In my opinion, the furniture probably cost $2,000, because it was used furniture." This testimony sufficiently established the value of the furniture to warrant reception of the evidence in question.

■ The other evidence of this character which appellants challenge concerns a sale which took place in 1948. Appellants argue that this sale was too remote in time. When this objection was made at the trial, the jury was excused and the court announced that it desired testimony as to relative values in 1948 and the time of the trial (1954). Counsel for appellants acquiesced in this procedure, stating: "If conditions haven't changed, I can't see any reason why we couldn't go back six years."

Testimony was then received, to the effect that market values in 1948 and 1954 were about the same. The court therefore permitted evidence to be received as to the 1948 sale, and no further objection was interposed by counsel for appellants. We conclude that appellants withdrew their objection to this testimony, and may not now question its reception.

■ Another assignment of error relates to the form of a question concerning the value of appellants' property. The question called for an expression of opinion as to the value of appellants' property, based upon the witness' work on that particular piece of property, his appraisal based on income, his consideration of comparable sales, "plus any other process of reasoning that you applied on this particular piece of property."

Appellants argue that the quoted portion of this question permitted the witness to take reproduction cost into consideration. The witness had made some studies based on reproduction cost. However, the court had not permitted him to testify as to these studies, because he had not been qualified as an expert on that subject.

Examination of this witness' testimony as a whole indicates that the $20,900 figure was actually based upon capitalization of income and not upon reproduction cost or any other factor. On cross-examination, the witness testified that all three approaches, including reproduction cost, were considered. However, since he found that they were all grouped fairly close, he used the highest figure—produced by the "income approach"—in arriving at the figure of $20,900.

In view of this explanation, the words "plus any other process of reasoning," as contained in the original question, cannot be considered prejudicial.

All but one of the remaining assignments of error relate to the denial of appellants' motion for a new trial based upon asserted newly discovered evidence.

Respondent argues that these assignments of error may not be considered, because the affidavits setting out the purported newly discovered evidence are not contained in the statement of facts. The affidavits in question were brought to this court in the transcript and supplemental transcript.

Affidavits used in the trial court are not a part of the record, and will not be considered on appeal, unless brought into the record by a statement of facts, except that, where an affidavit is clearly identified as a part of a motion to which it is attached, or is referred to and identified in the order determining the motion to which it relates, it may become a part of the record by inclusion in the transcript certified by the clerk. *Whittaker v. Weller,* 21 Wn. (2d) 716, 152 P. (2d) 957, 155 P. (2d) 284.

The affidavits in question are not referred to in the motion for a new trial, nor is there anything to indicate

that such affidavits were attached to this motion. The only reference to affidavits in the order denying the motion for new trial is that contained in the following language:

"  .  .  .  The same is hereby denied, for the reasons that the affidavits and argument of counsel for the respondents [appellants in this court] fail to disclose newly discovered evidence that would probably change the result if a new trial were granted, and that those matters contained in the affidavits and argued by counsel for the respondents [appellants] could have been discovered before the trial, or by examination of the witnesses during the trial  .  .  ."

References of this kind are insufficient to warrant inclusion of the affidavits in the transcript. See *Whittaker v. Weller, supra,* and *Falk v. Stienback,* 30 Wn. (2d) 62, 190 P. (2d) 747, where very similar recitals were held to be inadequate.

Appellants point to a preliminary order included in the transcript which gave appellants ten days in which to "file affidavits supporting their motion for new trial." But this order no more identifies the particular affidavits in question than does the order denying the motion for new trial. Moreover, as indicated in *Whittaker,* the recitals referring to and identifying the affidavits must be found in the motion which the affidavits are intended to support, or the order determining that motion.

The cases cited by appellants on this point do not support appellants' position. In several of them, we declined to consider affidavits which did not come to this court in a statement of facts. In the remainder, the affidavits were considered, although brought up in the transcript, because they were clearly identified as a part of the motions to which they were attached.

Under the final assignment of error, it is urged that the trial court should have granted a new trial on the ground that substantial justice had not been done.

This was not one of the grounds stated in the motion for a new trial. Not having asked the trial court to grant a new trial on this ground, appellants may not complain because

the court did not do so. *Snyder v. General Electric Co.,* 47 Wn. (2d) 60, 287 P. (2d) 108.

It is true, as stated in the last cited opinion, that a trial court may grant a new trial on this ground even though such ground was not stated in the motion for new trial. But here the trial court declined to grant a new trial on this ground, and expressly so stated in the order denying the motion for new trial. A determination by a trial court, that relief which has not been sought should be denied, is not subject to review here.

Affirmed.

SCHWELLENBACH, DONWORTH, FINLEY, and OTT, JJ., concur.

January 13, 1956. Petition for rehearing denied.

